TEAR *v.* MOSCONI.

1. COVENANTS—BUILDING RESTRICTIONS—SIDE LINE OF LOT MAY NOT BE TREATED AS FRONT LINE.
   A builder may not treat the side line of a lot as a front line, and by so doing avoid restrictions as to the use of said street for building purposes.

2. SAME—STORE BUILDINGS MAY NOT FRONT ON RESTRICTED STREET.
   Although the owner of a corner lot fronting on a street on which store buildings are allowed may occupy fully the lot with store buildings fronting thereon, he may not front them on the adjoining street restricted to use for residence purposes.

3. SAME—WAIVER—LACHES.
   In a suit to restrain the erection of store buildings on a street restricted to use for residence purposes, the defenses of waiver and laches, *held*, without merit.

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 22, 1927. (Docket No. 94.) Decided June 6, 1927. Rehearing denied October 3, 1927.

Bill by John C. Tear and another against Margaret Youngblood Mosconi, Louis Chernoff and another to restrain the violation of building restrictions. From a decree for plaintiffs, defendant Chernoff appeals. Affirmed.

*Colin J. McRae* (*Clyde L. Fulton,* of counsel), for plaintiffs.

*Morris Garvett,* for appellant.

CLARK, J. Ford Park subdivision in Detroit lies south of Palmer Park boulevard (now known as Six Mile road west), and is traversed north and south by Fairfield, Muirland, Craigmoor (now known as Wilde-

[1]Deeds, 18 C. J. § 451 (Anno); [2]Id., 18 C. J. § 451 (Anno); [3]Injunctions, 32 C. J. § 332 (Anno).

mere), and Parkside avenues.    It is crossed east and west by Auburn avenue.    Immediately south of Palmer Park boulevard are five blocks, and immediately south of Auburn avenue five blocks.    Along Palmer Park boulevard are 43 lots, varying in width from 20 to 24 feet, and between them and the remaining lots is a 20-foot alley.    The four north and south avenues above named, in crossing such alley and in passing between the Palmer Park boulevard lots, are 100 feet in width.    To the south and across the subdivision the said avenues are but 60 feet wide.

We quote pertinent portions of restrictions imposed of record on lots in question in the subdivision:

"No building except a single residence costing not less than $3,500 in the first block and not less than $3,000 in the second block shall be built on Parkside, Craigmoor, now Wildemere, or Muirland avenues. * * *

"No residence shall be built on Palmer Park boulevard on less than 40 feet frontage nor costing less than $3,500, and all stores built upon Palmer Park boulevard lots must be of brick construction.    All buildings except on Palmer Park boulevard must be built 25 feet from the front lot line."

Chernoff, the only interested defendant, purchased lots 1, 2, 3, 4, 5, in the northeast corner of the subdivision, facing Palmer Park boulevard.    Lot 5, on its side, adjoins Parkside avenue.    He began erecting on such lots a two-story brick building having six stores fronting on Palmer Park boulevard and two stores fronting on Parkside avenue.

Construction of the stores facing the latter avenue was enjoined at the suit of plaintiffs, who own and live upon lot 219 on the east side of Parkside and immediately south of said alley.    From the decree entered, defendant has appealed.

The restriction says: "No building except a single residence * * * shall be built on Parkside * * * avenue."    Judge Jayne rightly held that

the two stores in question, if completed, would be on Parkside avenue, and in violation of the language just above quoted. The front line of the lots on Palmer Park boulevard is on that street. Stores facing or fronting on Palmer Park boulevard would not be on Parkside avenue within the meaning of the word "on" as used in the restrictions. A builder may not treat the side line of the lot as a front line and by so doing avoid the restrictions. Stores facing or fronting on Palmer Park boulevard may occupy fully Palmer Park boulevard lots, but a store may not be built "on" Parkside avenue.

That there has been a waiver of the restrictions is without merit under many decisions of this court, which need not be cited. Likewise the claim of laches lacks merit.

Decree affirmed, with costs to plaintiffs.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred. SNOW, J., did not sit.