CHERRY *v.* BOARD OF HOME MISSIONS OF REFORMED CHURCH IN UNITED STATES.

1. INJUNCTION—COVENANTS—BUILDING RESTRICTIONS—EQUITY.
    Whether court of equity will grant or withhold injunctive relief respecting observance of building restrictions depends on the accomplishment of equitable result in light of all circumstances surrounding particular case.

2. SAME—ENLARGEMENT OF EXISTING VIOLATION.

Erection of proposed church building which will more nearly conform to building restrictions than present unsightly structure which has been maintained for eight or nine years in violation of building restrictions without complaint from property owners may not be enjoined on ground that it is enlargement or extension of existing violation of building restrictions.

3. COVENANTS—INJUNCTION—ACQUIESCENCE—ESTOPPEL.

To extent that property owners have for long time acquiesced in violation of building restrictions they are estopped from asking injunctive relief.

4. INJUNCTION—COVENANTS—ACQUIESCENCE—EQUITY.

Property owners who have acquiesced in maintenance of unsightly church building for eight or nine years in violation of building restrictions are not equitably entitled to restrain erection of more sightly church building on same site; especially where it will not work hardship or damage to them.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 22, 1931. (Docket No. 85, Calendar No. 35,591.) Decided June 1, 1931.

Bill by George H. Cherry and others against Board of Home Missions of the Reformed Church in the United States, a Pennsylvania corporation, and others to enjoin violation of building restrictions. From decree for plaintiffs, defendants appeal. Reversed.

*Wilkinson, Lowther & O'Connell,* for plaintiffs.

*Wetherbee & Wetherbee,* for defendants.

NORTH, J. Plaintiffs' bill of complaint was filed for the purpose of securing a decree by which defendants would be enjoined "from proceeding with the erection of the church building and appurtenances thereto upon lots 367, 368 and 369" of

Coonley's subdivision in the city of Detroit, and "from violating in any manner whatsoever the building restrictions pertaining to and adherent to the premises herein described." As to the plaintiffs other than William L. Grindell and Bernice Grindell, the bill of complaint was dismissed by decree in the lower court; and there has been no appeal from this portion of the decree. Hence we are here concerned only with the case as presented by the plaintiffs Grindell. As to them the relief sought was decreed; and the defendants, hereinafter referred to in the singular as the Reformed Church, have appealed.

The three lots involved face on Dexter boulevard just south of its intersection with Joy road. Together they constitute a parcel substantially 100 feet by 120 feet. Coonley's subdivision is composed of 395 lots, 51 of which are vacant. With the exception of defendant's property, the buildings on this subdivision have been restricted to residential purposes in conformity with provisions in the deeds conveying the lots. Defendant's deeds contain like restrictions hereinafter quoted. In 1922 representatives of the defendant contemplated purchasing the lots in question for a church site. They were informed of the building restrictions, and sought releases from certain lot owners. They obtained 17 such releases. These included the adjacent property on both sides of the church site. Such a release was not solicited from the plaintiffs Grindell, who are husband and wife, and owners of lot 332. This lot faces on Clairmont avenue and is 138 feet west of the street intersection next south of the church site. A building permit was obtained October 25, 1922, which is the approximate date on which defendant received deeds to the church lots. The material

portion of the building restrictions contained in these deeds is as follows:

"Until January 1, 1944, and no longer * * * no structures shall be built upon any lot in the said Coonley's subdivision except for dwelling house purposes only, having at least two stories in height and their appurtenant outbuildings, or an approved type of bungalow which must be first approved by the party of the first part. * * *

"On lots fronting on Dexter boulevard, nothing allowed, but single houses to cost not less than $4,000; double houses to cost not less than $5,500; duplex or two flat, to cost not less than $5,000 to be built of solid brick, stone, cement, brick, or stone veneer or stucco, and no such house shall be built nearer than 30 feet of the front lot line."

The defendant purchased a church building of the fabricated knockdown type, and completed its erection on the site in December, 1922. This building is 25 x 60 feet, one story in height, so located that it occupies the rear portion of each of the three lots and faces on Joy road. Together with the expense of erection and the equipment in connection therewith it cost substantially $6,000. It has been used continuously for church and Sunday school purposes to the present time.

In 1927 and 1928 public announcements were made of defendant's plan to erect a new and permanent church edifice on its property. This new building, as planned, would face Dexter boulevard. The estimated cost is about $100,000. At least pending construction of the new edifice it is the plan that defendant's present structure shall remain intact. In September, 1928, notice was served by the Coonley Subdivision Association upon defendant of objection to violation of the building restrictions.

About that time the pastor of the church secured the signatures of upwards of 100 property owners in this subdivision waiving objection to the erection of the church building. Defendant began excavating for the new building, and on February 21, 1930, plaintiffs filed the bill of complaint herein.

The following recital in his decree discloses the basis of the circuit judge's decision:

"The proposed erection of a large church building as aforementioned would be an extension and enlargement of the past and present use of the lots and premises * * * from that use already made of said lots and premises by defendants * * * concerning which past and present use the plaintiffs may not now complain, having by their silence waived their rights so to do."

The decree as entered vests in the defendant the right to continue the present use of its property for church purposes and to do such things as may be necessary for the upkeep and maintenance of its present church structure; but any extension thereof or replacements by a more permanent or larger church building is enjoined. In arriving at his conclusion the circuit judge seems to have relied much upon *Austin* v. *Van Horn*, 245 Mich. 344; *Boston-Edison Protective Ass'n* v. *Goodlove*, 248 Mich. 625, and other like decisions in restriction cases.

Courts of equity in passing upon cases of this character grant or withhold injunctive relief depending upon the accomplishment of an equitable result in the light of all of the circumstances surrounding the particular case. *Putnam* v. *Ernst*, 232 Mich. 682. The issue here presented is this: Under the particular circumstances disclosed by this record, should the defendant be enjoined from erecting a new and somewhat larger church building on

this property which they have used and occupied for church purposes without complaint since 1922.

It is of prime importance to note that by the decree from which plaintiffs have not appealed defendant has the right to continue its present church activities, which of course includes any additional use of its church property by reason of growth of the congregation, if any. In this connection it must be borne in mind that the restrictions invoked by plaintiffs expire by their own limitations in 1944. Thus the question narrows down to a determination whether, after all, plaintiffs will be materially injured by the erection of the new church edifice now rather than in 1944, the defendant in the meantime having the right to use its somewhat unsightly and so-called temporary structure.

We are not impressed with plaintiffs' claim that defendant's building program will constitute an extension of the violation of the building restrictions which has already been countenanced. It is true the new building as planned will be somewhat larger, will occupy a different portion of the lots and will face on Dexter boulevard instead of Joy road. But a church is a church; and it cannot well be asserted that only so much of a church site as is actually occupied by the edifice located thereon is used for church purposes. It is common practice to use the adjacent lot area for parking purposes. It is by no means uncommon for outdoor church gatherings to make use of the whole or any part of the church yard. Defendant clearly has the right so to use its premises. Admittedly there would be a limit beyond which defendant would not be allowed to go as to the character of the building it might erect on this site in lieu of its present church. Its present building conforms to the set-back re-

quirements; and we assume violation of these provisions is not contemplated by the erection of the new building. The owner of the adjacent property, who will be most affected by the proposed change, has consented thereto. The record contains the architect's drawings of the proposed church and concerning it the circuit judge in his opinion said:

"It is my personal opinion that the erection of the building in question would improve the neighborhood instead of being a detriment to it. The building itself, as indicated in the exhibits, would be a beautiful and sightly structure, and the present structure is quite the reverse. * * * The evidence discloses that there would be no material detriment to any of the parties plaintiffs from the immediate construction of this particular structure."

To some extent the claim is stressed that, inasmuch as the present church faces on Joy road, defendant should not be permitted to erect a new church edifice facing on Dexter boulevard. This goes to the fact that Dexter boulevard is much more strictly a residential thoroughfare than Joy road. If plaintiffs' property was situated on Dexter boulevard some favorable consideration might be given to their contention in this regard; but as noted above their property is some distance west of the next corner south of the church property. We find nothing in this record which furnishes equitable grounds for a decree that defendant's new edifice may not face on either of these streets. Even as bearing upon the parking situation, it matters little and perhaps not at all whether the new church faces the one street or the other, because entrance on one street has little or no effect on the matter of parking on the other. While we consider it of no particular importance, it may be noted that as platted defend-

ant's lots face Dexter boulevard. We think its rights in this particular are not materially affected by the fact that its present church edifice erected on the rear of its lots faces Joy road. The proposed church building will more nearly conform to the building restrictions than the present structure; and the erection of the former will have no more tendency to abrogate the restrictions in this subdivision than the maintenance of the latter.

Investigation of the decisions of this court will uniformly disclose that injunctive relief has been denied when to grant it would have been inequitable or when those applying therefor have estopped themselves by their conduct or their inaction. In the cases relied upon by the trial court the parties against whom injunctive relief was granted sought by an enlargement or an extension of an existing violation of building restrictions to bring about a more objectionable, more aggravated, or more damaging condition than already existed. In this particular we think the present case is readily distinguishable. Defendant's new building, as found by the circuit judge, will not work a hardship or a damage to the parties plaintiffs, or, so far as the record shows, to any other property holder in this subdivision; especially in view of the fact that defendant now has the right to carry on its church activities on its present site. Without complaint from plaintiffs or other property owners in the subdivision, defendant has carried on its activity at this location for the last eight or nine years. In so doing it has acted openly and has in no way secreted or attempted to cover up its obvious intention of permanently using this site for its church work. It has become established in this locality, and presumably could not change its location except at a substan-

tial financial sacrifice and possibly other disadvantages. The circuit judge was obviously reluctant to grant plaintiffs relief; but felt constrained to do so because of our decision in *Boston-Edison Protective Ass'n* v. *Goodlove, supra,* and other cognate cases. In view of the facts presented in the instant case, we think our holding here in no way conflicts with that in the *Goodlove case.* We there held that to the extent plaintiffs had for a long time acquiesced in defendant's violation of the restrictions they were estopped from asking injunctive relief. We hold only that in the instant case. The equities here presented are not such as justify granting to plaintiffs the relief prayed.

The decree of the lower court will be reversed, and one entered here dismissing plaintiffs' bill of complaint, with costs of both courts.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.