BORGMAN *v.* MARKLAND.

COVENANTS—BUSINESS USE—LIMITED WAIVER OF RESTRICTIONS.
> In suit to enjoin conduct of an interior decorating business on property restricted to use for residential purposes, where there are a few violations elsewhere in the subdivision, and house was used as headquarters for another type of business before defendants bought it, decree permitting continuance of business but imposing. strict limitations upon advertising permitted, manner of conducting business and space usable therefor, *held,* just and equitable in view of the limited waiver of restrictions.

Appeal from Wayne; Toms (Robert M.), J. Submitted June 24, 1947. (Docket No. 25, Calendar No. 43,746.) Decided October 13, 1947.

Bill by John F. Borgman and others against Robert E. Markland and wife to enjoin the conducting of a painting and decorating business. Decree for defendants. Plaintiffs appeal. Affirmed.

*Lewis A. Stoneman,* for plaintiffs.

*Freud, Markus & Gilbert* and *Archie Katcher,* for defendants.

NORTH, J. By their bill of complaint plaintiffs seek to restrain defendants from violating restrictions relative to the use and occupancy of property owned and occupied by defendants at 182 Richton avenue in the city of Highland Park. Robert E.

Markland, to whom we herein refer as defendant, is a painter and interior decorator. The injunctive relief sought is that he be restrained from conducting his business at the place above designated and from making changes in the property for the purpose of enabling him to conduct a business thereon, and from erecting on the premises a sign advertising the business. The property involved is located in an area restricted to single dwelling houses costing not less than $2,250, and the necessary outbuildings. This restricted area covers the lots on both sides of Richton avenue and on the north side of Monterey avenue, extending three blocks in an easterly and westerly direction from Woodward avenue to Hamilton avenue. It is composed of 212 lots. Somewhat westerly from the center of this restricted area Richton avenue is intersected by Third avenue, extending in a northerly and southerly direction. The Markland property is located at the northwest corner of Richton and Third avenues. The latter thoroughfare is a one-way street restricted to southbound traffic and is heavily traveled, especially during morning hours.

The business which defendant seeks to carry on involves consulting in the selection of draperies, furniture, lamps, et cetera, and the taking of orders for such merchandise from customers. The only testimony bearing upon the number of such customers was given by defendant who estimated they would not exceed 10 a week. To facilitate the carrying on of his business, defendant cut a door and installed a small porch and steps leading to a sunroom on the Third avenue side of the property near the rear. A bay window off the dining room on the Third avenue side was converted into a French window by extending the glass to the floor level. A four-by-four signpost was erected at the rear por-

tion of the lot on the Third avenue side. Defendant planned to display a sign at this point about one-by-two feet in size on which would be displayed defendant's name and a Third avenue number assigned to the property. In the dining room portion of his property defendant placed various attractive items of interior decoration, including a small amount of furniture, draperies and lamps. The remaining portion of the house is used for private living purposes. The entrance for business purposes to the property was solely from the Third avenue side through the door which opened into the sunroom at the rear of the house on the easterly or Third avenue side.

Defendant does not keep a stock of merchandise in the house to be purchased and either carried out or delivered therefrom. He uses only the dining room for showing a limited line of sample furniture, draperies, lamps et cetera. In his opinion the trial judge said: "The room is to all appearances simply a specially furnished room in his home." If purchases are made they are delivered upon defendant's order directly from the manufacturer or jobber, or are delivered later by defendant to the purchaser.

As to the extent that activities of a commercial nature have been permitted in this restricted area, the following statement of the trial judge is substantiated by the record:

"Although the restriction applies to the northeast and southeast corners of Hamilton and Richton, as well as to the other lots in the subdivision, two gas stations have been operated on these corners for a number of years. On the lot immediately east of the gas station on the southeast corner, a Mr. Schulze has operated a plumbing and heating business for about eight years and has a conspicuous

sign advertising his business on the side of his house facing Hamilton avenue. In the house occupied by the defendants, a former owner operated the business of State-wide distribution of Bromo Seltzer, keeping his stock of cases in the garage and in the house, and operating a truck with an advertising sign on it from the premises. In a garage in the rear of one of the houses a tinsmith operates his business, keeping a limited stock of fabricated metal therein. In another house a drapery manufacturing business was formerly conducted. There are two or three other houses in the subdivision from which painting and decorating businesses are conducted. A thriving real estate business conducted by a Mrs. Webster, is operated from a house across the street from defendant's premises and 'for sale' signs giving that address as her place of business are placed on properties which she has listed for sale.  *  *  * The street (Richton avenue), however, has the general appearance of a residential street. With the exception of the two gas stations and Mr. Schulze's plumbing sign, no obvious indications of business are to be observed, nor does the defendant, as far as the Richton avenue side of his property is concerned, propose to do anything which would change this general appearance.''

And after making some observations as to the present use of other properties in the vicinity and adjacent to Third avenue, the trial judge in his opinion made the following observation:

''With this over-all picture of the neighborhood in mind it must be admitted that there has been no complete or general let-down of the bars to business in this subdivision. It can not be said that there has been a substantial change in the character of the neighborhood so that it now appears to be a business district, except in the case of the two gasoline stations which have been permitted to flourish undisturbed on property subject to the same restric-

tions as the defendants'. The same may possibly be said to be true in a lesser degree of Mr. Schulze's plumbing business, and to a still lesser degree of Mrs. Webster's real estate business. By the same token, however, a considerable number of businesses not conducted in an obtrusive or conspicuous manner have been permitted to operate for a long time without objection. This would seem to the court to amount to a limited and not unqualified waiver on the part of these plaintiffs resulting in a limited and qualified estoppel.''

It is from the conclusion of the trial judge just above indicated, as embodied in his decree, that plaintiffs have appealed. Their contention is that the trial court erred in not enjoining defendant and his wife from violating the restrictive covenants contained in the deed to the property here involved against the use thereof for business purposes.

The decree entered by the circuit judge closely restricted the manner in or the extent to which the property here involved might be used for business purposes. While the decree permitted carrying on the painting and decorating business from the premises it was permitted under strict limitations, among which were the following: no advertising signs were to be maintained on the premises, except an unlighted, inconspicuous sign not larger than 16 by 24 inches bearing only defendant's name and the house number on the Third avenue side; no flood lights or neon lights are to be used on the exterior of any building on the premises, nor on the interior thereof so as to create illumination visible from the outside; no merchandise shall be delivered to purchasers on or about the premises; no canopies or awnings containing advertising shall be erected on the premises; the business use of the premises shall be restricted to the part now used in connection with

defendant's business—*i. e.*, rooms on the first floor on the Third avenue side; the room with the French window facing Third avenue shall present only the appearance of a specially furnished room when viewed from the outside, and it shall not be illuminated in excess of normal residential requirements; defendant shall not keep trucks or other vehicles with business signs parked for more than 30 minutes consecutively on or near the premises; no advertising of interior decorating business shall be published by defendant or circulated in any newspaper, magazine, or handbills.

The decree further provides that in the event defendant sells the property it shall be sold for residential purposes only and the provisions of the decree shall not be construed as a waiver of the restrictions; and further, that the decree in the instant case shall not be interpreted as determining that there has been a general change in the character of the neighborhood, or that the barrier against business in general has been lifted; and further, that "A process of stealthy attrition will not be countenanced and whatever business is conducted on the property must be confined to the Third avenue side and kept strictly within the limitations above specified."

The trial court's disposition of the instant case was quite in accord with our holding in *Putnam* v. *Ernst*, 232 Mich. 682. After having given the record careful consideration we are of the opinion that the decree entered in the circuit court is just and equitable, notwithstanding the contention of appellants to the contrary. The decree of the circuit court is therefore affirmed, with costs to appellees.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.