## MARGOLIS v. WILSON OIL CORPORATION.

1. Covenants—Building Restrictions—Estoppel.

Plaintiffs were estopped to object to construction of defendant's gasoline station on lots abutting highway on which stores were permitted, where although defendant's building was in violation of restrictions pertaining to such lots, other buildings in violation of the applicable restrictions had been permitted without objection on the part of plaintiffs and with a widening of the highway there had been a resultant change of character of the neighborhood amounting to a waiver of the restrictions since their imposition.

2. Same—Abandonment of Restrictions on Another Street—Waiver.

The fact that restrictions applicable to residential lots on side street have not been abandoned does not control restrictions

References for Points in Headnotes
[1, 3] 14 Am Jur, Covenants, Conditions and Restrictions § 294.
[4] See, generally, 14 Am Jur, Covenants, Conditions and Restrictions § 311 et seq.

applicable to lots fronting on a main highway, which latter restrictions have been abandoned and resulted in a change in character of the neighborhood amounting to a waiver of the restrictions.

3. SAME—ABANDONMENT OF RESTRICTIONS.
Lots may not be burdened with restrictions of record pertaining thereto to the extent they have been abandoned.

4. SAME—RESTRICTIONS NOT IMPLIED.
Restrictions specifically applicable to lots fronting on side street which do not specifically prohibit a side entrance to business establishments fronting on main highway from such side street will not entitle plaintiff owners of lots fronting on side street to injunction prohibiting defendant from having a side entrance to its gasoline station on lots fronting on main highway, since no restriction will be implied.

5. SAME—CONSTRUCTION OF TERM "REAR"—REAR WALL—SIDE STREETS.
The rear line of a corner lot is that on the opposite side of the lot from the front line of the lot along the street or highway upon which the lot fronts and does not mean the side line of the lot which may run along a side street at an intersection, hence, requirement that a wall be erected at the rear, along alley abutting side street, of the same material as the front of the building, does not require erection of wall along the side street.

6. WORDS AND PHRASES—REAR—FRONT.
The word "rear" is the opposite of "front".

7. SAME—ABUT.
The word "abut" means to touch with a projecting point or to terminate at a point of contact.

Appeal from Wayne; FitzGerald (Frank), J. Submitted April 7, 1955. (Docket No. 42, Calendar No. 46,406.) Decided June 6, 1955.

Bill by Louis Margolis and other property owners against Wilson Oil Corporation, a Michigan corporation, and its construction contractor to enjoin erection of gasoline station claimed in violation of sub-

division building restrictions. Bill dismissed.
Plaintiffs appeal. Affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiffs.

*Voorhies, Long, Ryan & McNair,* for defendants.

DETHMERS, J. Plaintiffs appeal from decree dismissing their bill of complaint which prayed that defendants be enjoined from erecting a gasoline station on 3 adjoining lots in violation of building restrictions of record covering the lots and subdivision in question.

Defendant Wilson Oil Corporation, hereinafter called defendant, owns the 3 lots; they front on James Couzens Highway. Intersecting that highway and running along one side of defendant's lots is Robson avenue. On it are a number of other lots, referred to in the restrictions by lot number and so restricted to residential use. The restrictions permitted the erection of stores on all lots fronting on Couzens highway, but required that they should be not less than 2-story brick buildings with basements. Defendant's projected building would not meet these requirements. The trial court found as a fact, however, and the proofs establish that they never have been complied with from the very beginning insofar as building along Couzens highway in said subdivision is concerned. Testimony indicates that this was due in part to the fact that shortly after platting the Couzens highway was widened, leaving lots fronting thereon only 51 feet deep, materially changing the practical uses to which they could be put. The court found that plaintiffs never had objected to the construction on Couzens highway of buildings in violation of restrictions and that they are estopped to do so now, citing *Cherry* v. *Board of Home Missions of Reformed Church in United States,* 254 Mich 496.

In this the trial court was correct. See, also, *Borg-man* v. *Markland,* 318 Mich 676: Abandonment of restrictions by permitted violations and resultant change of character of the neighborhood amounts to a waiver. *Windemere-Grand Improvement & Protective Ass'n* v. *American State Bank of Highland Park,* 205 Mich 539. The fact that restrictions applicable to residential lots not fronting on Couzens highway have not been abandoned is not controlling. Those are not the restrictions here in issue. Rather, it is the restrictions applicable to the lots fronting on Couzens highway that are involved. They alone applied to defendant's lots. To the extent that they have been abandoned, defendant's lots may not be burdened thereby.

Plaintiffs say that defendant's plans provide for a side-street entrance into the gasoline station from Robson avenue, as well as a Couzens highway exit. They contend that this violates the restrictions which make Robson avenue residential in character. Cited is *Tear* v. *Mosconi,* 239 Mich 242, in which restrictions limited building on a named street to residences. This Court held that the owner of a lot fronting on an intersecting street on which stores were permitted could not build a store thereon fronting on the street limited to residences. The case is not in point because the restrictions here do not prohibit the erection of stores on Robson avenue, but, rather, the restriction to residential use is made applicable to specific lots referred to by number. The fact that the lots so referred to include all those fronting on Robson avenue does not serve to limit to "residential" the use to which defendant may put its lots inasmuch as the restrictions expressly permit the use thereof for business purposes. The restrictions contain no express prohibition against a side entrance to defendant's lots from Robson avenue. None will be implied. *In re Nordwood Estates Sub-*

*division,* 291 Mich 563; *Kime* v. *Dunitz,* 249 Mich 588; *Grant* v. *Craigie,* 292 Mich 658.

Plaintiffs point to the fact that, in addition to the restrictions applicable to other lots fronting on Couzens highway, further provisions are made concerning 3 corner lots, including the lot of defendant at the corner of Couzens and Robson. These provisions are as follows:

"When any buildings are placed upon lots 1028, 1074, 1107 the rear of said lots abutting on Morton Court (*now Robson avenue*) or Avon or Beverly Crescent shall be built up with the same material and in such a manner as to make as presentable and pleasing an appearance as the front of said buildings on Northwestern highway (*now James Couzens highway*). If no buildings are erected on the rear of said lots, then a continuous wall, with gate or door if desired, shall be placed thereon, and shall be constructed of the same material as the front of said buildings or of such other material as shall first have been approved by said sellers."

The back of defendant's proposed building will extend to the rear of its lots but will not run all the way to Robson avenue. Plaintiffs construe the language of the restriction to mean that under such circumstances the wall mentioned therein must be constructed along Robson avenue for the entire length of defendant's corner lot. The lot fronts on Couzens. Robson is the intersecting street which runs alongside that lot. Opposite the lot's front line on Couzens is a line at the back dividing the lot from a rear alley. Webster defines "rear" to be the opposite of "front". The rear line of the lot is the one opposite the front line on Couzens and not the line intersecting the front line of the lot and running as its side line along Robson. Webster also defines the word "abut" as meaning, among other things, to touch with a projecting point or to terminate at a

point of contact. In that sense the line which is clearly the lot's rear line, running along the alley, abuts Robson avenue which it intersects. To give the word "abutting" the meaning that it refers to the lot's side line dividing it from Robson avenue, as plaintiffs urge, would render the word "rear" utterly meaningless and require reading into the language of the restrictions something which is not there.

Affirmed, with costs to defendants.

Carr, C. J., and Butzel, Smith, Sharpe, Boyles, Reid, and Kelly, JJ., concurred.