KUSTARZ  v.  JANESICK.

1. COVENANTS — CHANGE OF CONDITIONS — EVIDENCE — VIEW OF
   PREMISES.
   Finding of trial court that erection of 2 gasoline stations, one
   across street from plaintiffs' and defendant's adjoining lots
   and another over a block away but still in the same subdivision
   and in breach of restrictive covenants had not tended to change
   the conditions and character of the neighborhood so as to re-
   lieve defendant's lot, now reduced from 35' to 27' in width by
   virtue of street widening, from residential restrictions, *held*,
   sustained by evidence and trial court's view of the premises.

2. SAME—CHANGE OF CONDITIONS—RESIDENTIAL RESTRICTIONS—BILL-
   BOARDS.
   Plaintiffs, owners of lot adjacent to defendant's premises both
   of which were restricted to use for residential purposes *held*,
   entitled to enforcement of such restrictions, where restrictions
   are yet of value to plaintiff, notwithstanding existence of
   some breaches of restrictive covenants which have not resulted
   in a subversion of the original scheme of development so as
   to cause a substantial, if not entire, change in the character
   of the subdivision; hence, decree restraining maintenance of
   billboards is affirmed.

3. SAME—INJUNCTION—RESIDENCE USE—BILLBOARDS—LACHES.
   The plea of laches in a suit to enjoin maintenance of billboards
   in violation of restrictive covenants of subdivision limiting
   use of lots to residential purposes is not available to defendant
   in the absence of a showing that she had acted in reliance on
   plaintiffs' delay, to her prejudice or detriment, or that the
   delay was attended by such change of conditions as to render
   enforcement of plaintiffs' rights inequitable.

REFERENCES FOR POINTS IN HEADNOTES
[2] 14 Am Jur, Covenants §§ 221, 302.
[3] 14 Am Jur, Covenants § 340.

Appeal from Wayne; Culehan (Miles N.), J. Submitted October 9, 1956. (Docket No. 60, Calendar No. 46,971.) Decided December 6, 1956.

Bill by Thaddeus Kustarz and Leocadia M. Kustarz against Johanna Janesick to enforce building restrictions and to enjoin maintenance of billboards. Decree for plaintiffs. Defendant appeals. Affirmed.

*Stanley F. Kaczor,* for plaintiffs.

*John G. Cross,* for defendant.

DETHMERS, C. J. This is an appeal by defendant from decree restraining her from violating residential building restrictions by maintaining 2 billboards on her lot No. 723 in Base Line Subdivision No 2, Hamtramck township, Wayne county, Michigan.

In 1923 the subdivision was platted and the plat recorded. Its northern border was Base Line avenue, now known as Eight Mile road. The lots fronting on that avenue ran back 100 feet and restrictions permitted their use for business purposes. To the south, immediately behind these lots, was an alley 20 feet wide running parallel with the avenue. Defendant's lot No 723 was immediately south and contiguous to that alley and fronted west on an intersecting street, now known as Terrell street. Plaintiffs' lot No 724 adjoins that of defendant to the south. These lots were platted 35 feet in width. They and all other lots south of the mentioned alley were restricted to residential use.

In 1930 Eight Mile road was widened from 76 feet to 210 feet, for which purpose there was taken the 100-foot business lots in the subdivision fronting on that road, the 20-foot alley behind them, and the north 8 feet of the lots immediately south of

the alley, including lot No 723 now owned by defendant, leaving it 27 feet in width. In 1940 the city of Detroit zoned for business use the 100-foot strip running along the south side of widened Eight Mile road, which includes the lots of parties. In 1941 defendant purchased her lot. Plaintiffs purchased their lot in 1946 and built their home on it in 1947. In 1949 the billboards in question, each 22–1/2 feet long, 15 feet high, and extending to a point within 2 feet of plaintiffs' premises, were erected on defendant's lot under a leasing agreement between defendant's husband and the owner of the billboards. Across Terrell street from the parties' lots, at its intersection with the south side of widened Eight Mile road, a gasoline station was erected in 1948 and another more than a block east therefrom in 1950, both fronting on Eight Mile road. No other breaches of the residential restrictions have occurred in the entire subdivision. Plaintiffs alleged in their bill of complaint and offered proofs that the presence of the billboards caused them annoyance and discomfort, depreciated the value of their property and constituted a nuisance. Testimony for defendant was that her lot was worth nothing for residential purposes, but was worth $4,000 for business purposes.

Defendant contends that plaintiffs waived the restrictions by permitting the presence of the 2 gasoline stations and of the billboards since 1949, and that the presence thereof, together with the widening of Eight Mile road, caused such a change in conditions and character of the neighborhood as to relieve defendant's lot from the residential restrictions. Cited in support are *Windemere-Grand Improvement & Protection Association* v. *American State Bank of Highland Park,* 205 Mich 539; *Donnelly* v. *Spitza,* 246 Mich 284; *Harrigan* v. *Mulcare,* 313 Mich 594; *Margolis* v. *Wilson Oil Corporation,* 342 Mich 600. In *Windemere* the Court found that the char-

acter of the locality had changed, since platting, from residential to business. In *Donnelly* no question was raised as to the continuing validity of the restriction limiting use of lots to "single-dwelling houses, duplex or double houses," but it was held that the purpose of the restrictive covenants was not to limit the character of construction to that common to the times when the restrictions were imposed nor to prevent developments in construction such as later changes of style, taste or necessity would bring. In *Harrigan* this Court found (pp 605, 606) that "the character of the use of the lots in the subdivision fronting on West Grand boulevard has changed from strictly residential purposes to commercial use, and that this has been acquiesced in by plaintiffs for many years." *Margolis* did not involve restrictions on use, but only on type of construction. It was held that the restrictions insisted upon in that case had long been abandoned with respect to buildings fronting on the street in question because in all such construction said restrictions never had been complied with from the very beginning, but had been ignored uniformly without protest by plaintiffs. Distinguishable from all of these is the instant case, in which the trial court, after hearing the proofs and personally viewing the whole neighborhood and subdivision, found that the 2 gasoline stations had not tended to change the character of the neighborhood from residential to one for business or other uses. We think the proofs and exhibits bear out that finding of fact. It is also evident from the record that enforcement of the restriction against defendant is beneficial to plaintiffs in the use of their property.

Applicable to the factual situation at bar are cases cited by plaintiffs: *Misch* v. *Lehman,* 178 Mich 225; *Boston-Edison Protective Ass'n* v. *Goodlove,* 248 Mich 625; *Carey* v. *Lauhoff,* 301 Mich 168;

*Northwestern Homeowners' Ass'n* v. *Sheahan,* 310 Mich 188. The general import of the holdings in these cases is that instances of violations of restrictions in a subdivision do not necesarily establish a waiver or an estoppel against their enforcement by lot owners, but that the true rule is that, even after some breaches, restrictions shown to be of value to a plaintiff lot owner will be enforced if the breaches have not resulted in a subversion of the original scheme of development so as to cause a substantial, if not entire, change in the character of the subdivision. No such change having occurred here, plaintiffs are entitled to relief. The plea of laches is of no avail absent a showing that defendant acted in reliance on plaintiffs' delay, to her prejudice or detriment, or that the delay was attended by such change of conditions as to render enforcement of plaintiffs' rights inequitable. *Boston-Edison Protective Ass'n* v. *Teahen,* 337 Mich 353.

Affirmed, with costs to plaintiffs.

Sharpe, Smith, Edwards, Kelly, Carr, and Black, JJ., concurred.

Boyles, J., did not sit.