WEISS *v.* ZACK.

1. Covenants — Building Restrictions — Intent of Restrictor Considered.

In construing building restrictions the intent of the restrictor must be considered.

2. Same—Taking Frontage For Street Purposes Did Not Affect Building Restriction.

Where a building restriction prohibited any building being placed nearer than 25 feet to a certain residential street, and also prohibited any alley or entrance from said street to the business buildings fronting on another street, which were permitted to be erected thereon, the evident intent of which was to make the former street a residential one, the fact that 25 feet fronting on the residential street were taken for the purpose of widening it did not affect the restriction or give the owner of lots fronting thereon the right to erect a garage in violation thereof.

3. Contempt—Violation of Consent Decree.

One who concedes his conduct is in violation of a consent decree restraining him from violating certain building restrictions was properly adjudged guilty of contempt.

[1]Deeds, 18 C. J. § 450, 34 L. R. A. (N. S.) 730, 2 R. C. L. 1209, 4 R. C. L. Supp. 161; [2]Id., 18 C. J. § 451 (Anno); [3]Contempt, 13 C. J. § 12.

Certiorari to Wayne; Brennan (Vincent M.), J. Submitted October 22, 1926. (Docket No. 131.) Decided December 8, 1926.

Bill by Max Weiss and another against Meyer Zack to restrain the violation of building restrictions. From an order adjudging defendant guilty of contempt for violation of a consent decree, he brings certiorari. Affirmed.

*S. Homer Ferguson,* for plaintiffs.

*Benjamin, Beckenstein, Wienner & Quay,* for defendant.

Defendant is the owner of lots 31 and 32 Judson Bradway's Burlingame avenue subdivision, No. 2, located at the southeast corner of Twelfth street and Burlingame avenue in the city of Detroit, upon which is imposed the following building restrictions:

"All stores or other buildings erected thereon shall front on Twelfth street, and no building or part of building shall be placed nearer than 25 feet to Burlingame avenue, and * * * the northerly 25 feet of lots 31 and 32 shall not have constructed thereon any building or part of building; nor shall any part thereof be used as an alley or as an entrance or exit to or from the stores which may hereafter be erected on the remainder of lots 31 and 32, provided the same may be used for ingress and egress to the floors above the first floor or any building hereafter erected on said lots 31 and 32."

Burlingame avenue, bounding these lots on the north, is, at this point, exclusively residential, while Twelfth street, the western boundary, is a business street. The two lots have a frontage on Burlingame avenue of 105.08 feet, and originally on Twelfth street of 126 feet. But in 1917, and after the restriction was placed on the subdivision, Burlingame, at its entrance from Twelfth, was widened by the city, and

for that purpose it purchased from the then owner of lot 31 the northerly 25 feet thereof, and a like number of feet from the owner of lot 30 across the street, which it converted into and now uses for highway purposes.

In 1925 defendant attempted the alteration of a store building, occupying the then entire frontage on Twelfth street of 101 feet on lot 31. Plaintiffs, claiming such alteration to be in violation of the building restrictions above referred to, filed their bill of complaint to enjoin further construction. A consent decree was entered restraining defendant from proceeding with the alterations, but permitting him to erect a garage to be connected with the Twelfth street building, thereby making the entire construction one building. The entrance to the garage was to be through the store on Twelfth, and there was no entrance whatever on Burlingame.

Defendant, however, abandoned this plan, and some time after the consent decree attempted the erection of a two-story brick building, entirely separate and distinct from the store on Twelfth street, with an entrance from Burlingame avenue. For so doing he was adjudged to be in contempt of court for violating the terms of the consent decree. He reviews here on certiorari.

Snow, J. (*after stating the facts*). The parties are concerned chiefly with securing a judicial construction of the building restrictions imposed upon this subdivision. Defendant says he is not erecting any building on the northerly 25 feet of the lot, and, while admitting his intention to make an entrance to the garage from Burlingame, attempts to justify his action in so doing by the fact that 25 feet off the northerly side of such lot has been acquired by the city, and since 1919 has been used for street purposes; that there being no record restrictions against

the remainder of the lot, it follows that there is now nothing to prevent the erection of a separate and distinct building facing and having an entrance on Burlingame.

In construing building restrictions the intent of the restrictor must be considered. *Tabern* v. *Gates,* 231 Mich. 581. Here it is plain. Twelfth was and is a business street, while Burlingame avenue was and is strictly residential. To secure uniformity the restrictor provided that no building of any sort should be erected on the north 25 feet of these lots. An open space, 25 feet on Twelfth and about 105 feet on Burlingame, was thereby assured, and this space was not to be used as an alley, entrance, or exit to any building on the remaining portion of the lot. But even on such of the lot where buildings were permitted it was provided they must face on Twelfth, while defendant's proposed building would face on Burlingame.

While perhaps literally it may be said that there will be no door or opening into the garage which will be on the restricted portion of the lot now owned by the city, still the side on Burlingame will be its front, it will face on this avenue, and it must be entered therefrom. In fact there will be an automobile garage on this residential street, which was to be kept free and clear from all business buildings. To permit this would be to entirely subvert the manifest intention of the restrictor, and make Burlingame a business street. The 25 feet sold to the city is the identical piece of ground it was before sale, notwithstanding the fact it has become part of the street. That defendant no longer is the owner in no way alters the situation. The erection of the building defendant proposes is no less a violation of the restriction now than would a like construction have been before the street was widened. Defendant's contention, though ingenious,

must be held untenable.     He concedes his conduct is
in violation of the decree.     He was therefore properly
adjudged to be in contempt.

The writ of certiorari is dismissed, and the case
remanded to the trial court for such further action
as may be necessary and proper.     Plaintiffs will re-
cover costs.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST,
CLARK, and MCDONALD, JJ., concurred.