HOLDERNESS *v.* CENTRAL STATES FINANCE COR-
PORATION.

1. COVENANTS—BUILDING RESTRICTIONS—CONSTRUCTION.
   In placing a proper construction upon building restrictions, if there can be said to be any doubt about their exact meaning, the court must have in mind the subdivider's intention and purpose.

2. SAME—BUILDING RESTRICTIONS SHOULD BE CONSTRUED AS WHOLE WHERE MEANING IN DOUBT.
   Building restrictions should be read as a whole, where there is any doubt about their meaning, and construed in the light of the general plan under which the restrictive district was platted and developed.

3. SAME—BUILDING RESTRICTION APPLICABLE TO USE AS WELL AS CHARACTER OF BUILDING.
   In view of the fact that restrictions were uniformly embodied in the subdivider's conveyance of each lot, and that the whole development of the subdivision has been in conformity therewith, a restriction that "no structure shall be built on any lot except for dwelling house purposes," is construed as limiting the use as well as the character of the building to be erected, and may not be construed

---

[1]Deeds, 18 C. J. § 450; [2]Id., 18 C. J. § 450; [3]Id., 18 C. J. § 452.

as a "building restriction" only without reference to the use of the building after it is built, and, therefore, part of a dwelling may not be used as a store.

Appeal from Wayne; Hunt (Ormond F.), J.   Submitted January 6, 1928.   (Docket No. 94.)   Decided February 14, 1928.

Bill by Harry Holderness and others against the Central States Finance Corporation, Konstantin Mandikash and another to enjoin the violation of building restrictions.   From a decree for plaintiffs, defendants appeal.   Affirmed.

*Jewel E. West,* for plaintiffs.

*Edward B. Benscoe* (*Herbert M. Eiges,* of counsel), for defendants.

NORTH, J.   This suit was instituted in the circuit court of Wayne county, in chancery, for the purpose of restraining the defendants from violating certain building restrictions.   Before the hearing Mandikash and wife had secured a deed from the Central States Finance Corporation and the suit was dismissed as to that defendant.   The relief sought was granted against the defendants Mandikash and they have appealed.

Greenfield Park, a subdivision, consisting of 312 lots, is a part of the city of Detroit.   It was opened in 1915, and at the time this litigation arose all of the lots had been sold.   No restrictions were embodied in the recorded plat; but it is conceded by the defendants that the uniform restrictions had been embodied in each and every conveyance given by the original owner of the plat.   These restrictions were of record in the title to lot 209 of this subdivision before these defendants entered into a contract to purchase it on January 26, 1927.   It is the claim of the defendants that the restrictions pertain only to the character of

the building that may be erected on any particular site, but that they do not limit the use which may be made of such building.     So far as they are pertinent here, these restrictions are as follows:

"The hereinafter specified covenants and restrictions shall run with the land herein described and shall be chargeable thereon and shall bind each and every purchaser thereof, his heirs, personal representatives and assigns, and each restriction shall continue in force until January 1, 1944, and no longer, to wit:

"Restrictions:   No structure shall be built upon any lot in said Greenfield Park subdivision, except for dwelling house purposes only, having at least two stories in height and appurtenant outbuildings or an approved type of bungalow.   *   *   *   On lots fronting on Wisconsin and Ohio avenues, nothing allowed but single houses to cost not less than $2,000, double houses, duplex or two flat to cost not less than $4,000. *   *   *   Lots fronting on Grand River avenue may be used for business purposes."

Defendants' lot No. 209 faces on Wisconsin avenue, and previous to the time they purchased a seven-room dwelling house had been erected thereon.   Soon after purchasing they undertook to operate a small store in a garage on the premises, but later the stock of goods was transferred to the front room in the dwelling. The stock consisted of groceries, canned goods, candies, soft drinks, papers, school supplies, etc.   One of the large public schools of Detroit is located immediately across the street, and evidently the defendants were catering largely to the school trade.   Owners of other parcels of land in this subdivision very promptly filed this bill.     It appears from the record that this subdivision extends northerly from Grand River avenue and is substantially one-half a mile in length north and south and five blocks in width east and west.   There are no places of business in this addition except on Grand River avenue, where there is business frontage. The question for determination is this:  Are the re-

strictions such as applied only to the character of the buildings to be erected on the lots in this subdivision, as is contended by defendants, or do they also control the use which may be made of the buildings?

In placing a proper construction upon these restrictions, if there can be said to be any doubt about their exact meaning, we must have in mind the subdivider's intention and purpose.   *Weiss* v. *Zack,* 237 Mich. 10. The restrictions in question must be read as a whole and construed in the light of the general plan under which the restrictive district was platted and developed.   *Tabern* v. *Gates,* 231 Mich. 581.   In light of the fact that these restrictions have been uniformly embodied by the subdivider in his conveyance of each lot, and the admission of these defendants that the whole development of the addition has been in conformity to the restrictions, it would be a perversion of the English language to hold that the restrictions applied only as "building restrictions" and not as restrictions governing the use of the property.   It would indeed be useless to provide that "no structure shall be *built* on any lot except for dwelling house purposes" and then permit it to be used forthwith as a store or factory.   The restriction applicable to the very street on which defendants' property is located is clearly intended to confine it to the better class of residence property, since it limits the character of residences which may be erected thereon to single houses, double houses, duplex or two-family flats, and also fixes a minimum cost.   In addition to this, we find an express provision that the "lots fronting on Grand River avenue may be used for business purposes," the plain inference being that the lots as to which this provision does not apply shall not be used for business purposes.   We are of the opinion that the intention of the subdivider is easily ascertained from the language uniformly used in the instruments by which

he conveyed the lots in the subdivision.  The restrictions have been enforced, and both the development and use of the property have conformed thereto. The provision must be held to be a restriction controlling the use, as well as the character of building to be erected.  Any other construction deprives the provision of all beneficial force and would be a mere evasion.  *Dorr* v. *Harrahan*, 101 Mass. 531 (3 Am. Rep. 398).  Decent regard for the rights of other owners as well as the mandate of law require the defendants to observe the restriction as to the use of their dwelling.

The decree of the lower court is affirmed, with costs to the appellee.

FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.  FLANNIGAN, C. J., did not sit.

The late Justice BIRD took no part in this decision.