PHILLIPS *v.* LAWLER.

1. COVENANTS—BUILDING RESTRICTIONS—RECIPROCAL NEGATIVE EASEMENTS.
   Building restrictions constitute reciprocal negative easements which run with land.

2. SAME—RESTRICTIONS CONSTRUED MOST STRICTLY AGAINST GRANTOR.
   Building restrictions are construed most strictly against grantor and those claiming under him.

3. SAME—RESTRICTIONS BASED ON CONTRACT.
   Building restrictions are based on contract.

4. SAME—CONSTRUCTION OF RESTRICTION.
   Definitions adopted for legislative purposes in housing codes and zoning ordinances may not be employed in interpreting restrictive covenants running with land.

---

On restrictive covenants as easements, see annotation in 37 L. R. A. (N. S.) 36; L. R. A. 1917A, 333.

5. SAME—EFFECT OF ZONING ORDINANCE ON RESTRICTIONS—IMPAIR-
MENT OF CONTRACT.

   Restrictions imposed by city zoning ordinance may not be con-
   sidered as impairing building restrictions imposed by deed.

6. SAME—"PRIVATE DWELLING HOUSE" DEFINED.

   In building restriction cases involving covenants, term "private
   dwelling house" means building designed as single dwelling
   to be used by one family.

7. SAME—RESTRICTIONS ON LAND RETAINED VALID.

   Building restrictions imposed by grantor on land retained for
   benefit of land sold are valid against grantor and his grantees.

Appeal from Ingham; Collingwood (Charles B.),
J. Submitted June 15, 1932. (Docket No. 148, Cal-
endar No. 36,542.) Decided September 16, 1932.
Rehearing denied December 6, 1932.

Bill by Pleasant I. Phillips against Agnes Belle
Lawler and others to annul an easement and remove
building restrictions. Bill dismissed. Plaintiff ap-
peals. Affirmed.

*Pleasant I. Phillips*, in pro. per.

*Joseph H. Dunnebacke*, for defendant Lawler.

POTTER, J. Plaintiff, owner of the east 100 feet
of the lands and premises situated in the city of
Lansing and described as commencing 80½ feet
north of the southeast corner of block D subdivision
of blocks 26 and 27 of the city of Lansing, thence
west 180 feet, thence north 78 feet, thence east
180 feet, thence south 78 feet to the place of begin-
ning, filed a bill against defendants to cancel and
annul the easement and to remove the building re-
strictions hereinafter more particularly described.
From a decree for defendants, plaintiff appeals.

Both plaintiff and defendants claim title from
R. J. Perry and Margaret G. Perry, husband and

wife, who in 1923 owned all of the lands above de-
scribed. January, 1923, R. J. Perry and Margaret
G. Perry his wife, sold to Grace D. Renker the west
80 feet of the lands above described. The deed
given by them to her provided:

"First parties furthermore expressly grant, bar-
gain, and convey to second party, her heirs, execu-
tors, administrators, grantees and assigns forever,
an easement or right of way for driveway purposes
and the uninterrupted use thereof as a means of
ingress and egress to the above-described premises,
said easement to run with the land herein deeded,
and being specifically described as: Eight feet in
width off the south side of the premises still owned
and retained by first parties, and described as com-
mencing 80½ feet north of the southeast corner of
block D, of the subdivision of blocks 26 and 27 on
the west line of Chestnut street, thence west 100
feet, thence north 78 feet, thence east 100 feet, thence
south to place of beginning.

"It is expressly agreed by second party for her-
self, her heirs, grantees and assigns, that the opera-
tion by first parties, on the premises immediately
north of said above described, of the present rug
factory thereon, shall not be cause for complaint
upon the part of the second party, during the in-
cumbency of first parties so long as there shall be
no interference with the use of the above-described
easement to second party, her heirs, assigns and
grantees. Said first parties further agree for them-
selves, their heirs, grantees and assigns, as a con-
dition to the sale of the premises herein deeded to
second party, that after the rug factory, which is
now owned and operated by first parties on the
premises retained and owned by them and being
immediately to the north of said above described
easement, is no longer used by first parties for busi-
ness in connection with a rug factory, that there-

after no building nor structure shall be used, built or maintained thereon for any purpose except for a private residence and a private garage either in connection with the residence or built separately therefrom."

Soon after that time Grace D. Renker conveyed the premises which she acquired from Perry and wife to Thomas A. Lawler and Agnes Belle Lawler, his wife, by conveyance describing the same easement and building restrictions. Plaintiff claims title by *mesne* conveyances from R. J. Perry and Margaret G. Perry his wife. Building restrictions constitute reciprocal negative easements. They run with the land. *Schadt* v. *Brill,* 173 Mich. 647 (45 L. R. A. [N. S.] 726); *Oakman* v. *Marino,* 241 Mich. 591. They are construed most strictly against the grantor and those who claim under him. *Austin* v. *Kirby,* 240 Mich. 56; *Kelly* v. *Carpenter,* 245 Mich. 406. They are based on contract. Definitions adopted for legislative purposes in housing codes and zoning ordinances cannot be employed in interpreting restrictive covenants running with the land. *Seeley* v. *Phi Sigma Delta House Corp.,* 245 Mich. 252. The action of the legislative authority of the city, in relation to the restrictions imposed by the zoning ordinance of the city of Lansing, cannot be considered as impairing in any way the building restrictions involved in the deeds in question. To so consider it would be to permit the legislative authority of the city to impair the obligation of the contract entered into between the parties to the conveyance. The restriction is that:

"No building nor structure shall be used, built or maintained thereon for any purpose except for a private residence and a private garage either in

connection with the residence or built separately therefrom.''

In building restriction cases involving covenants, the term ''private dwelling house'' means a building designed as a single dwelling to be used by one family. *Schadt* v. *Brill, supra; Kingston* v. *Busch,* 176 Mich. 566; *De Galan* v. *Barak,* 223 Mich. 378; *Seeley* v. *Phi Sigma Delta House Corp., supra.*

The restrictions here involved were upon the land retained for the benefit of the land sold. Such restrictions are valid against the covenantor and his grantees. This arises from the very nature of building restrictions as reciprocal negative easements. See, also, 21 A. L. R. 1300, note. Plaintiff is not entitled to have the building restrictions involved removed. The trial court so held. Its decree is affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.