ROFE v ROBINSON

Docket No. 78-3284. Submitted June 20, 1979, at Detroit.—Decided
November 20, 1979. Leave to appeal applied for.

Plaintiffs, Edward Rofe, Jim Brooks, Harry A. Law and Alex
Avram, are lot owners in the Bloomfield Township subdivision
known as Hickory Knolls. All the lots in Hickory Knolls are
subject to deed restrictions limiting property usage to residen-
tial use. In 1968, the township rezoned 12 lots in Hickory
Knolls bordering on Telegraph Road to prohibit residential
construction and permit only commercial construction. Defen-
dants, David Robinson, Marvin L. Robinson and Robinson
Brothers Realty Company, a partnership, purchased two of the
rezoned lots and commenced construction of an office building.
Plaintiffs filed suit in the Oakland Circuit Court to enforce the
deed restriction and enjoin the construction. The court, Freder-
ick C. Ziem, J., granted an injunction. Defendants appeal. *Held:*

A change in zoning does not of itself justify the invalidation
of building restrictions but is one element to be considered in
determining whether a change of circumstance has occurred
sufficient to justify an equity court in refusing to enforce them.
The lots will be unusable for any purpose if the deed restriction
is enforced. The facts disclosed a sharp increase in traffic on
Telegraph Road and an existing nonconforming user in the
neighborhood. Further, the construction of an office building
will not economically damage the interior lots and may actu-
ally provide a better noise and air pollution buffer than would
vacant lots. Under these circumstances, upholding the deed
restriction was improper.

Reversed and remanded.

1. APPEAL AND ERROR — EQUITY — REAL PROPERTY — RESTRICTIVE
COVENANTS.

Appellate review of a case seeking to have certain restrictive

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Review §§ 702, 703, 882.
20 Am Jur 2d, Covenants, Conditions, and Restrictions § 277.
[2] 82 Am Jur 2d, Zoning and Planning § 25.
[3] 82 Am Jur 2d, Zoning and Planning § 18.
[4] 82 Am Jur 2d, Zoning and Planning § 108.

covenants limiting land use declared void is *de novo;* however, a lower court's decision will not be reversed unless the evidence is found to preponderate contrary to the holding of the trial court.

2. ZONING — ORDINANCES — PRESUMPTION OF VALIDITY.

A zoning ordinance not at issue is presumed to be valid.

3. ZONING — CHANGE OF ZONING — DEEDS — BUILDING RESTRICTIONS.

A change of zoning does not of itself justify the invalidation of building restrictions.

4. DEEDS — BUILDING RESTRICTIONS — REMEDIES.

Validly imposed building restrictions restricting use to residential purchases are properly extinguished by a court in equity where: 1) because of increased traffic and condemnation for road widening and because of a zoning classification restricting the property to use for office buildings, it is a virtual certainty that the property will not be usable for residential purposes; 2) nonconforming use already exists in the neighborhood; and 3) construction of office buildings will not damage the surrounding property from an economic or aesthetic standpoint.

*Eggenberger, Eggenberger, McKinney & Weber,* for plaintiffs.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *W. A. Steiner, Jr.,* and *Dennis M. Haffey*), for defendants.

Before: N. J. KAUFMAN, P.J., and D. C. RILEY and J. X. THEILER,* JJ.

J. X. THEILER, J. Defendants appeal as of right from the trial court's permanent injunctive order restraining them from erecting an office building upon their property in Hickory Knolls subdivision, Bloomfield Township, Oakland County.

The deed restrictions pertaining to defendants' property require that the land be restricted to residential use only. However, in 1968 the lots in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Hickory Knolls subdivision that bordered on Telegraph Road, which includes defendants' property, were rezoned to an "0-1" zoning classification. That classification prohibits residential construction and allows only the construction of office buildings.

The record further indicates that traffic on Telegraph Road by defendants' property has increased dramatically since the creation of Hickory Knolls subdivision, that a substantial portion of defendants' property has been condemned for road-widening purposes and that other property in Hickory Knolls subdivision bordering on Telegraph Road has been used in violation of the applicable deed restrictions, because the structure contained on that property has been utilized for office purposes.

On appeal, defendants argue that the combination of changes affecting their property in Hickory Knolls subdivision requires the applicable deed restrictions to be abrogated under equitable principles, and that the trial court erred by improperly considering the factors involved.

We first note that our review of this case is *de novo,* and the trial court's decision will be reversed only if the evidence preponderates contrary to its holding. *DeMarco v Palazzolo,* 47 Mich App 444, 445; 209 NW2d 540 (1973).

In its opinion, the trial court stated:

"Two of these factors must be somewhat discounted. If this Court upholds the deed restrictions, zoning contrary to those restrictions would be confiscatory and unconstitutional, and any change wrought by such zoning would be remediable. The change caused by the 0-1 zoning is not permanent until the strip is actually put to 0-1 uses with 0-1 structures."

In the instant case, the constitutionality of the

"0-1" zoning of defendants' property was not an issue before the trial court. Therefore, the applicable zoning ordinance was required to be presumed valid. See *Peacock Twp v Panetta,* 81 Mich App 733, 737-738; 265 NW2d 810 (1978). It is clear the trial court improperly considered the effect of the "0-1" zoning by assuming the change would be remedied if the deed restrictions were upheld. However, the trial court's improper consideration of the zoning factor does not necessarily mean its ultimate conclusion was erroneous, because a change in zoning does not of itself justify the invalidation of building restrictions. *Cooper v Kovan,* 349 Mich 520, 532; 84 NW2d 859 (1957).

The courts, historically, have been concerned that changes of zoning might impair the obligation of contracts when they conflict with restrictive covenants. However, zoning restrictions, to some extent, always invade property rights. We are also well aware of the attitude that residential use is a favored use, and we further recognize that changes in zoning are only one element to be considered in determining the enforceability in equity of such covenants.

"The change in the zoning ordinance cannot operate to destroy the obligations involved in the restrictions. *Phillips v Lawler,* 259 Mich 567. Such change is only a factor to be considered in determining whether a change of circumstances has occurred that an equity court will not enforce the restriction. *Sandenburgh v Michigamme Oil Co.,* 249 Mich 372." *Brideau v Grissom,* 369 Mich 661, 668; 120 NW2d 829 (1963).

The proofs here, however, clearly show that the lots in question will not be usable for any purpose if the restrictive covenant is enforced. "If it is not practicable to devote them under the restrictions

to residence purposes, it is not equitable to hold that they may be used for no other purpose. *Klug v Kreisch,* 246 Mich 14; 18 CJ p 399; *Columbia College v Thacher,* 87 NY 311 (41 Am Rep 365)." *Lemmon v Wineland,* 255 Mich 90, 93; 237 NW 527 (1931).

In determining whether the facts of this case justify an invalidation of the deed restrictions pertaining to residential use only, we first note that each case of this type must necessarily be determined on its own facts. *Brideau, supra,* 664. However, we find the reasoning of the Court in *Dipboye v Acchione,* 351 Mich 550, 557; 88 NW2d 611 (1958), to be persuasive. In that case the Court permitted the lifting of validly imposed building restrictions because "of sharply increased traffic, extensive neighborhood changes, existing nonconforming user, increased commercial value as opposed to nonexistent residential value, plus an official recognition of the actualities of the situation by the noted voluntary action of the municipality in itself relaxing its prior zoning restrictions on these same lots".

The evidence in the instant case clearly shows that the evolution of Telegraph Road plus the condemnation of a substantial portion of defendants' property makes it virtually certain, because of economic considerations, that defendants will not be able to use the property for residential purposes. The "0-1" rezoning of defendants' property makes it virtually certain from a legal standpoint that defendants will not be able to use their property for residential purposes. The rezoning constituted an official recognition of the actualities involved. Based upon these factors alone, to uphold the deed restrictions requiring residential use only, would be to require defendants' land to re-

main vacant permanently. Further evidence shows that a nonconforming use already exists on one of the lots in Hickory Knolls subdivision which borders on Telegraph Road. Additionally, the construction of an office building on defendants' property will not damage the interior lots of the subdivision from an economic standpoint, and may actually provide a better buffer zone regarding noise and air pollution than would the existing vacant lots.

We are satisfied that, had we sat as the trial chancellor, we would have been compelled to have reached a different result. *Stribley v Michigan Marine, Inc*, 42 Mich App 218; 201 NW2d 702 (1972). We find that the evidence preponderates contrary to the trial court's holding, and order its permanent injunctive order vacated. Defendants shall be allowed to build an office structure upon their property bordering Telegraph Road in Hickory Knolls subdivision to the extent that the structure complies with the applicable zoning ordinance. All deed restrictions pertaining to defendants' property that are in conflict with the applicable zoning ordinance are hereby extinguished. However, any deed restrictions not in conflict with the zoning ordinance shall remain in effect.

Our resolution of this issue renders any discussion of the other issues raised on appeal unnecessary.

Reversed and remanded for proceedings consistent with this opinion. Jurisdiction is not retained.