ROFE v ROBINSON (ON SECOND REMAND)

Docket No. 69161. Submitted January 21, 1983, at Lansing.—Decided
April 29, 1983.

Edward Rofe and other owners of property in Hickory Knolls
Subdivision, Bloomfield Township, brought an action in the
Oakland Circuit Court against David Robinson, Marvin L.
Robinson, and the Robinson Brothers Realty Company, to
enforce deed restrictions limiting use of subdivision lots to
single family residential purposes and for an injunction enjoin-
ing the construction of office buildings by the defendants on
certain subdivision lots. The circuit court, Frederick C. Ziem, J.,
held the restrictions valid and issued a permanent injunction.
The defendants then appealed to the Court of Appeals which
reversed and remanded holding that under the circumstances it
was improper to uphold the deed restrictions. 93 Mich App 749
(1979). The Supreme Court, in lieu of granting leave to appeal,
thereafter remanded to the Court of Appeals for reconsidera-
tion in light of a 1980 Supreme Court decision. 408 Mich 899
(1980). On remand from the Supreme Court, the Court of
Appeals again determined that it would reverse, but remanded
for further proceedings consistent with its opinion. 99 Mich
App 404 (1980). Plaintiffs then appealed to the Supreme Court
which reversed the decision of the Court of Appeals and re-
manded for consideration of the issues regarding laches,
waiver, and interpretation of the deed restrictions which were
not considered in the previous decisions of the Court of Ap-
peals. 415 Mich 345 (1982). On remand, *held:*

1. The trial court correctly determined that the plaintiffs
were not guilty of laches. Plaintiffs were not wanting in due
diligence since they instituted suit against defendants with

References for Points in Headnotes
[1, 2] 20 Am Jur 2d, Covenants, Conditions, and Restrictions § 315.
Laches or delay in bringing suit as affecting right to enforce
restrictive building covenants. 12 ALR2d 394.
[3] 20 Am Jur 2d, Covenants, Conditions and Restrictions §§ 177, 178.
[4] 20 Am Jur 2d, Covenants, Conditions, and Restrictions § 182.
[5] 20 Am Jur 2d, Covenants, Conditions, and Restrictions § 186.
[6] 20 Am Jur 2d, Covenants, Conditions, and Restrictions § 187.

reasonable promptness after it was made evident to them that defendants intended permanent violations of the applicable deed restrictions.

2. The doctrine of waiver of the right to enforce the deed restrictions does not apply here in regard to the plaintiffs' failure to object to the use of a structure on another lot as the office of a construction company. The question of whether waiver applies depends upon whether the construction company's use constituted a minor violation or one extensive enough to indicate an abandonment of the deed restrictions and a change in the character of the neighborhood from that intended by those restrictions. Here, such use appears to be more than a minor violation but not so extensive a violation as to indicate abandonment or amount to a change in the character of the neighborhood. Therefore, the trial court's conclusion that there was no waiver is upheld.

3. The language contained in § 3 of the deed restrictions which defendants alleged provides that a zoning ordinance is to prevail over the restrictions in the event of a conflict between the two was meant only to incorporate zoning standards insofar as they comport with the deed restrictions. It was not intended to establish zoning as the ultimate determinant of how this land would be developed. The clear language of the deed restrictions supports the conclusion that the restrictions were to prevail over any zoning ordinances in the event of a conflict between the two. The trial court was correct in interpreting § 3 as not allowing defendants to develop their property as office sites.

Affirmed.

1. COVENANTS — DEFENSES — LACHES.

The determination of whether a party is guilty of laches depends on the particular facts in each case.

2. COVENANTS — DEFENSES — LACHES — DUE DILIGENCE.

A plaintiff is not wanting in due diligence in instituting a suit to enforce certain deed restrictions where the plaintiff institutes suit against the defendant with reasonable promptness after it is made evident to the plaintiff that the defendant intends permanent violations of the applicable deed restrictions.

3. COVENANTS — WAIVER.

The right to enforce a restrictive covenant may be lost by waiver if by one's failing to act he leads another to believe that he will not insist upon the covenant and the other is thereby damaged; the concept of waiver does not apply where variations from

deed restrictions constitute minor violations and there is no waiver where the character of the neighborhood intended and fixed by the restrictions remains unchanged.

4. COVENANTS — BUILDING AND USE RESTRICTIONS — RESIDENTIAL DEEDS.

Building and use restrictions in residential deeds are favored by public policy; it is the policy of the judiciary to protect property owners who have complied with deed restrictions from violations of the restrictions by others.

5. COVENANTS — JUDICIAL CONSTRUCTION.

A court must give effect to the instrument as a whole when interpreting a restrictive covenant contained in a deed; the court must consider the subdivider's intention and purpose if there is any doubt as to the exact meaning of the restriction and the restriction must be construed in light of the general plan under which the area subject to the restriction was platted and developed.

6. COVENANTS — RESTRICTIVE COVENANTS — JUDICIAL CONSTRUCTION — EQUITY.

Restrictive covenants in deeds are to be construed strictly against those seeking enforcement and all doubts are to be resolved in favor of the free use of property; a court of equity will not enlarge the scope of deed restrictions beyond the clear meaning of the language employed.

*Eggenberger, Eggenberger, McKinney & Weber, P.C.* (by *Stephen L. Weber),* for plaintiffs.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *W. A. Steiner, Jr.,* and *Dennis M. Haffey),* for defendants.

ON SECOND REMAND

Before: N. J. KAUFMAN, P.J., and D. E. HOLBROOK, JR., and D. F. WALSH, JJ.

PER CURIAM. On remand from the Supreme Court,[1] we are to rule on the issues of laches,

---

[1] *Rofe v Robinson,* 415 Mich 345; 329 NW2d 704 (1982).

waiver and interpretation of deed restrictions which were not considered in our previous decisions in this case.[2]

# I

## LACHES

Defendants argue that plaintiffs cannot enforce the deed restrictions in question because they neglected to take immediate action to do so, thereby making them guilty of laches.

In determining whether a party is guilty of laches, each case must be determined on its own particular facts. *Edgewood Park Ass'n v Pernar,* 350 Mich 204, 209; 86 NW2d 269 (1957). The doctrine of laches was explained in *In re Crawford Estate,* 115 Mich App 19, 25-26; 320 NW2d 276 (1982), as follows:

"Laches is an affirmative defense which depends not merely upon the lapse of time but principally on the requisite of intervening circumstances which would render inequitable any grant of relief to the dilatory plaintiff. * * * For one to successfully assert the defense of laches, it must be shown that there was a passage of time combined with some prejudice to the party asserting the defense of laches. * * * Laches is concerned mainly with the question of the inequity of permitting a claim to be enforced and depends on whether the plaintiff has been wanting in due diligence. * * *" (Citations omitted.)

See also *Lothian v Detroit,* 414 Mich 160, 168-169; 324 NW2d 9 (1982); *City of Hancock v Hueter,* 118 Mich App 811, 817-818; 325 NW2d 591 (1982).

In the instant case, plaintiffs instituted suit

[2] This is the third time this case has come before this Court. See 93 Mich App 749; 286 NW2d 914 (1979), *remanded* 408 Mich 899; 295 NW2d 228 (1980), and 99 Mich App 404; 298 NW2d 609 (1980).

against defendants with reasonable promptness after it was made evident to them that defendants intended permanent violations of the applicable deed restrictions. See *Edgewood Park Ass'n, supra,* p 209. Therefore, we believe plaintiffs were not wanting in due diligence. The trial judge's conclusion that plaintiffs were not guilty of laches was correct.

## II

### WAIVER

Defendants argue that plaintiffs have waived their rights to enforce the deed restrictions against defendants by failing to object to the use of a structure on another lot as the office of a construction company.

The Court in *Bigham v Winnick,* 288 Mich 620, 623; 286 NW 102 (1939), stated that the right to enforce a restrictive covenant may be lost by waiver if by one's failing to act he leads another to believe that he will not insist upon the covenant and the other is thereby damaged. However, where variations from deed restrictions constitute minor violations, the concept of waiver does not apply. See *Rich v Isbey,* 291 Mich 119, 122-123; 288 NW 353 (1939); *Taylor Avenue Improvement Ass'n v Detroit Trust Co,* 283 Mich 304, 308; 278 NW 75 (1938). There is no waiver where the character of the neighborhood intended and fixed by the restrictions remains unchanged. *DeGalan v Barak,* 223 Mich 378; 193 NW 812 (1923).

In the instant case, the record reveals that defendants relied upon the construction company's use of its property for office purposes in believing that the deed restrictions would not be applied against them either. Therefore, the question of

whether waiver does or does not apply depends upon whether the construction company's use constituted a minor violation or one extensive enough to indicate an abandonment of the deed restrictions and a change in the character of the neighborhood from that intended by those restrictions. In our opinion, the doctrine of waiver does not apply.

The construction company's use of its property for office purposes lies in a very grey area of the law. The use appears to be more than a minor violation, but at the same time it does not appear to be so extensive a violation as to indicate abandonment. Nor does it appear to amount to a change in the character of the neighborhood. Mindful of the fact that the trial judge actually viewed the property in question, we uphold his conclusion that there was no waiver of the deed restrictions.

## III

### INTERPRETATION OF DEED RESTRICTIONS

Defendants argue that the deed restrictions themselves provide that a zoning ordinance is to prevail over the restrictions in the event of a conflict between the two. They base this argument on the language of § 3 of the deed restrictions, which states:

"No building shall be erected, altered or permitted on any part of the restricted premises except it shall conform to the provisions of any zoning ordinance enacted by any township, village, city or county wherein such part of the restricted premises may be situated which may be applicable and in effect at the time of actual construction, provided, that any departure or deviation from the provisions of such zoning

ordinance permitted as provided by and in accordance with said ordinance may be made with the approval in writing of the owner but not otherwise."

Building and use restrictions in residential deeds are favored by public policy. *Beverly Island Ass'n v Zinger,* 113 Mich App 322; 317 NW2d 611 (1982). It is the policy of the judiciary to protect property owners who have complied with deed restrictions from violations of the restrictions by others. *Bellarmine Hills Ass'n v Residential Systems Co,* 84 Mich App 554, 559; 269 NW2d 673 (1978), *lv den* 405 Mich 836 (1979). As explained by the Court in *Bellarmine, supra,* p 559:

"Where restrictive covenants describe the character of permissible structures to be erected upon the property, they also contemplate that use and occupancy of the property shall be commensurately restricted. * * * Covenants of restriction, especially those pertaining to residential use, preserve not only monetary value, but aesthetic characteristics considered to be essential constituents of a family environment. Consequently, failure to give complete effect to restrictive covenants in accordance with their import works a great injustice to the property owners." (Citations omitted.)

See also *Malcolm v Shamie,* 95 Mich App 132, 137-138; 290 NW2d 101 (1980).

When interpreting a restrictive covenant, courts must give effect to the instrument as a whole. If there is any doubt as to the exact meaning of the restrictions, the court must consider the subdivider's intention and purpose. Furthermore, the restrictions must be construed in light of the general plan under which the area subject to those restrictions was platted and developed. *Holderness v Central States Finance Corp,* 241 Mich 604, 607; 217 NW 764 (1928); *Borowski v Welch,* 117 Mich

App 712, 716-717; 324 NW2d 144 (1982). On the other hand, restrictive covenants are to be construed strictly against those seeking enforcement and all doubts are to be resolved in favor of the free use of property. A court of equity will not enlarge the scope of deed restrictions beyond the clear meaning of the language employed. *North Cherokee Village Membership v Murphy,* 71 Mich App 592, 595; 248 NW2d 629 (1976), see also *Beverly Island Ass'n, supra.*

In the instant case, reading the deed restrictions as a whole, we conclude that the trial court was correct in interpreting § 3 as not allowing defendants to develop their property as office sites. It is clear that the purpose and intent of the entire restrictive instrument is for residential development only. The language in § 3 was meant only to incorporate zoning standards insofar as they comport with the deed restrictions. It was not intended to establish zoning as the ultimate determinant of how this land would be developed. We believe the clear meaning of the language of the deed restrictions supports the conclusion that the restrictions were to prevail over any zoning ordinances in the event of a conflict between the two.

Affirmed.