# STATE OF MICHIGAN

# COURT OF APPEALS

BEACH FOREST SUBDIVISION
ASSOCIATION, INC.,

Plaintiff-Appellee,

v

MR. AND MRS. OMRAN,

Defendants,

and

DR. EIAD OMRAN,

Defendant-Appellant.

UNPUBLISHED
November 1, 2016

No.  326976
Oakland Circuit Court
LC No.  2011-120340-CK

Before:  GADOLA, P.J., and WILDER and METER, JJ.

PER CURIAM.

Defendant Dr. Eiad Omran ("defendant") appeals as of right an order granting plaintiff's motion for summary disposition with respect to plaintiff's breach-of-contract claim in this case involving the installation of lawn ornament fountains in violation of a deed restriction. Defendant concurrently challenges an award of attorney fees to plaintiff.  We affirm.

This Court reviews summary disposition decisions, contract interpretation, and the interpretation of restrictive covenants de novo.  *AFT Michigan v State*, 497 Mich 197, 208; 866 NW2d 782 (2015); *Terrien v Zwit*, 467 Mich 56, 60-61; 648 NW2d 602 (2002).

Defendant argues that the trial court erred in granting summary disposition to plaintiff because plaintiff waived the lawn ornament deed restriction when it failed to enforce the restriction against all landowners in its subdivision.

Occasional violations of a deed restriction in one area of a development do not preclude the developer from enforcing those restrictions in other areas, particularly if one violation is of a more serious and damaging degree than another.  *Bloomfield Estates Improvement Ass'n, Inc v City of Birmingham*, 479 Mich 206, 219; 737 NW2d 670 (2007); *Taylor Avenue Improvement Ass'n v Detroit Trust Co*, 283 Mich 304, 311; 278 NW 75 (1938).  Waiver might occur if

-1-

unaddressed violations effectively destroy the purpose of the deed restriction. See *O'Connor v Resort Custom Builders, Inc*, 459 Mich 335, 346; 591 NW2d 216 (1999).

To survive a motion for summary disposition under MCR 2.116(C)(10), the opposing party must identify a disputed issue and support that issue with independent evidence. See *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292-293; 769 NW2d 234 (2009). Here, defendant did not offer adequate evidence that other alleged violations were conceivably as serious or damaging to the subdivision as his fountains. Indeed, we note that the other ornaments were of a "lower profile." Defendant also failed to offer evidence to support the contention that these other, allegedly unenforced violations "altered the character of the . . . subdivision to an extent that would defeat the original purpose of the restrictions." *O'Connor*, 459 Mich at 346. We find no basis for reversal.

Defendant next argues that his violation of the deed restrictions was nominal or technical and should have been disregarded. We do not agree. Restrictive covenants pertaining to aesthetic characteristics have long been enforced by this Court, and failure to enforce such covenants would be unjust. *Rofe v Robinson*, 126 Mich App 151, 157; 336 NW2d 778 (1983); *Bloomfield Estates*, 479 Mich at 214.

While it is true that "technical violations" are equitable exceptions to the general rule that residential deed restrictions must be enforced, *Webb v Smith*, 224 Mich App 203, 211; 568 NW2d 378 (1997), this exception only applies if the trial court finds that the violation does not detract from the objects and purposes of the general scheme of development, *id*. at 212. Here, it is apparent from the terms of the deed at issue that aesthetic quality and uniformity are among the objects and purposes of this subdivision's general scheme of development. This case is similar to *Webb*, in which this Court rejected defendants' argument that a deed violation was technical and unenforceable when their violation "detracted from the . . . aesthetic enjoyment [of] the subdivision's landowners." *Id*. Plaintiff acted reasonably.

Defendant next argues that the trial court erred in granting summary disposition to plaintiff because the deed restrictions do not specifically prohibit fountains. This argument is untenable. The provision at issue refers to "lawn ornaments, sculptures or statutes . . . ." Simply because defendant's large ornaments included water as an element did not exclude them from being ornaments, sculptures, or statues. Our review of the photographs shows that the trial court correctly characterized the fountains as "statues" or "fountain statues" for the purposes of this case.[1]

Defendant next argues that the trial court had no authority to grant injunctive relief. Defendant argues that because plaintiff attempted to levy a fine, plaintiff may not now change tactics and pursue equitable relief merely because it was not able to collect the fine. This argument is without merit. Article VI of the deed restrictions clearly permits plaintiff to prevent or abate any violation and to recover "damages or other dues for any violation." In addition,

---

[1] In fact, in his reply brief, defendant refers to the fountains as "lawn ornaments."

-2-

defendant's argument that plaintiff came to the controversy with "unclean hands" is untenable because plaintiff did not act illegally or unreasonably.[2]

Defendant lastly argues that the trial court erred in awarding attorney fees to plaintiff. Although it is not routine for a court to award attorney fees, in light of the "American rule" noted by the Supreme Court in *Haliw v City of Sterling Heights,* 471 Mich 700, 706-707; 691 NW2d 75 (2005), the trial court here did not err in awarding attorney fees to plaintiff for costs incurred in enforcing its lawn ornament deed restriction. One exception to the "American rule" regarding attorney fees is a contractual agreement between parties to pay reasonable attorney fees upon breach of contract. See *Village of Hickory Pointe Homeowners Association v Smyk*, 262 Mich App 512, 517; 686 NW2d 506 (2004), and *Sentry Ins v Lardner Elevator Co*, 153 Mich App 317, 326; 395 NW2d 31 (1986). The trial court considered plaintiff's motion for attorney fees and defendant's response, and looking to the language of the deed, found that plaintiff was entitled to an award. The deed expressly provides that "the Association may recover against a Lot Owner violating the provisions of this Declaration all reasonable costs incurred by him in enforcing such provisions in any of the foregoing ways, . . . including reasonable attorneys fees . . . ." The court subsequently considered defendant's specific objections to the award and reduced it to reflect the objections sustained, displaying a calculated, rational approach to its discretionary decision.

With regard to defendant's argument that the trial court could not award attorney fees because defendant believed in good faith that he was entitled to resist the fine imposed by plaintiff and the injunction, this contention does not change the clear language of the enforcement provision of the deed granting plaintiff the right to recover attorney fees. In the case cited by defendant, *Newport West Condo Ass'n v Veniar*, 134 Mich App 1, 17; 350 NW2d 818 (1984), the defendant landowners breached their contract by failing to pay a condominium assessment fee. This Court found that the defendants' actions were an attempt to "ensure the fiscal integrity of the project[, and the actions] benefitted the other members of their community." *Id*. The trial court made no such observation here. Reversal is unwarranted.

Affirmed.

/s/ Michael F. Gadola
/s/ Kurtis T. Wilder
/s/ Patrick M. Meter

---

[2] We also note that defendant did not cite authority in support of his "unclean hands" argument until he filed his reply brief. See *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (noting that an appellant must cite authority to support his position).

-3-