*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID SMILEY and CYNTHIA SMILEY,

        Plaintiffs/Counterdefendants-
        Appellees,

v

RICHARD H. SZEFER, also known as RYSZARD
H. SZEFER,

        Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
May 14, 2026
9:52 AM

No. 375231
St Clair Circuit Court
LC No. 24-000452-CH

Before: BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by right the trial court's order granting plaintiffs summary disposition under MCR 2.116(C)(10) regarding the short-term rental use of defendant's property in violation of applicable deed restrictions. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiffs and defendant are neighbors in the Silver Shores Subdivision in Clay Township. The plat for the Silver Shores Subdivision contains a deed restriction that states, in pertinent part: "No buildings to be erected on any of said lots shall be used otherwise than as a private dwelling house." In 2020, defendant purchased property adjacent to plaintiff's property. Defendant did not reside at the property on a regular basis. Instead, defendant completed some renovations, then registered the property with Clay Township as a short-term vacation rental property and listed it on Airbnb.

In 2024, plaintiffs sued defendant, alleging that his use of the property as a vacation rental violated the plat's deed restriction. Defendant counterclaimed for monetary damages and injunctive relief, alleging that plaintiffs had interfered with his renovations and other use of the property. Plaintiffs moved for summary disposition under MCR 2.116(C)(10), seeking dismissal of the counterclaim and a permanent injunction enjoining defendant from using the property as a short-term rental. The trial court granted the motion, and this appeal followed.

## II. SUMMARY DISPOSITION

Defendant argues that the trial court erred by granting summary disposition to plaintiffs because the deed restriction did not prohibit the rental use of his property. We disagree.

### A. STANDARD OF REVIEW

"A trial court's ruling on a motion for summary disposition is reviewed de novo." *Aldrich v Sugar Springs Prop Owners Ass'n, Inc*, 345 Mich App 181, 185; 4 NW3d 751 (2023). "The trial court's interpretation of restrictive covenants presents a question of law that this Court reviews de novo." *Id.* at 186. "De novo review means that we review the legal issue independently, without required deference to the courts below." *Wright v Genesee County*, 504 Mich 410, 417; 934 NW2d 805 (2019). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of a complaint." *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 109; 1 NW3d 44 (2023) (quotation marks and citation omitted). "In deciding a motion under MCR 2.116(C)(10), a court reviews the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018) (quotation marks and citation omitted). Summary disposition under MCR 2.116(C)(10) is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

### B. PRIVATE DWELLING

"A deed restriction represents a contract between the buyer and the seller of property." *Bloomfield Estates Improvement Ass'n, Inc v City of Birmingham*, 479 Mich 206, 212; 737 NW2d 670 (2007). Deed restrictions are restrictive covenants, and a court tasked with interpreting restrictive covenants must consider "two essential principles, which at times can appear inconsistent. The first is that owners of land have broad freedom to make legal use of their property. The second is that courts must normally enforce unwaived restrictions on which the owners of other similarly burdened property have relied." *Eager v Peasley*, 322 Mich App 174, 180; 911 NW2d 470 (2017) (quotation marks and citation omitted). "In construing restrictive covenants, the overriding goal is to ascertain the intent of the parties. Where the restrictions are unambiguous, they must be enforced as written." *Id.* (quotation marks and citation omitted). "Restrictive covenants in deeds are construed strictly against grantors and those claiming the right to enforce them, and all doubts are resolved in favor of the free use of property." *Id.* at 184 (quotation marks and citation omitted). "Restrictive-covenant cases are examined on a case-by-case basis." *Aldrich*, 345 Mich App at 186.

In this case, the deed restriction specifically states that the land shall only be used as a "private dwelling house." At the time that the deed restriction was executed in 1927, a "private dwelling" was legally defined as "a dwelling occupied by but one family . . . ." MCL 125.402(2)(a), as amended by 1925 PA 371.[1] See also *Phillips v Lawler*, 259 Mich 567,

---

[1] MCL 125.402(2)(a) remains substantially the same today.

571; 244 NW 165 (1932) ("In building restriction cases involving covenants, the term 'private dwelling house' means a building designed as a single dwelling to be used by one family."). This language is not ambiguous and should be enforced as written. See *Eager*, 322 Mich App at 188 (finding no ambiguity in a covenant restricting use to "private occupancy only" and "private dwelling"). In *Eager*, this Court confirmed that short-term rentals are not a permitted use for properties restricted as private dwellings. *Id*. at 188-189 ("Defendant's transient, short-term rental usage violates the restrictive covenant requiring 'private occupancy only' and 'private dwelling.'"). Because this Court has established that short-term rentals are a violation of a restrictive covenant requiring use as a private dwelling, defendant's use violates the deed restriction.

Defendant argues that *Eager* is not applicable because the deed restriction for the Silver Shores Subdivision does not preclude commercial use like the restriction in *Eager*. But it was clear from the *Eager* opinion that short-term rental usage violated the private-dwelling restriction independently of any restriction against commercial use:

> Defendant, who lives in a neighboring county, does not reside at the property. She rents the property to a variety of groups, including tourists, hunters, and business groups. Those using the property for transient, short-term rental have no right to leave their belongings on the property. Rentals are available throughout the year and are advertised on at least one worldwide rental website. The use is not limited to one single family for "private occupancy only" and a "private dwelling," but is far more expansive and clearly violates the deed restrictions. [*Id*. at 189.]

The facts in this case are indistinguishable. Defendant does not reside at his property, instead listing the property on Airbnb (a worldwide rental website) for short-term vacation rentals. This clearly violated the deed restriction.

## C. ACQUIESCENCE

Defendant alternatively argues that plaintiffs waived their right to enforce the deed restriction against defendant's short-term rental use of the property because plaintiffs had not objected to a public-access boat launch run by the Michigan Department of Natural Resources (DNR) or an antique store operating in the Silver Shores Subdivision. We disagree.

"If a deed restriction is unambiguous, we will enforce that deed restriction as written unless the restriction contravenes law or public policy, or has been waived by acquiescence to prior violations . . . ." *Bloomfield Estates*, 479 Mich at 214 (quotation marks and citation omitted). "[F]requent violations of a restriction, unobjected to, are indicative of an abandonment of such restrictions." *Taylor Avenue Improvement Ass'n v Detroit Trust Co*, 283 Mich 304, 311; 278 NW 75 (1938). "Abandonment of restrictions by permitted violations and resultant change of character of the neighborhood amounts to a waiver." *Margolis v Wilson Oil Corp*, 342 Mich 600, 603; 70 NW2d 811 (1955). "[T]he right to enforce a restrictive covenant may be lost by waiver if by one's failing to act he leads another to believe that he will not insist upon the covenant and the other is thereby damaged." *Rofe v Robinson*, 126 Mich App 151, 155; 336 NW2d 778 (1983). "There is no waiver where the character of the neighborhood intended and fixed by the restrictions remains unchanged." *Id.*

This case is not the first time that a court had addressed the Silver Shores deed restriction. In 1991, the DNR purchased several lots in the Silver Shores Subdivision and began construction on a boat launch that opened to the public in 1997. Several property owners in the subdivision, including plaintiffs' predecessors in interest, sued the DNR after the boat launch opened, alleging that the use violated the deed restriction limiting use of the properties to private dwellings. The St. Clair Circuit Court held that the property owners had waived their right to enforce the deed restriction against the DNR because they had acquiesced in the construction of the boat launch from 1991 to 1997, despite knowing that the property would not be used as a private dwelling.[2] The DNR continued to operate the boat launch through the events of this case. Defendant also notes that there was another property in the subdivision that operated as an antique store in violation of the deed restriction.

We hold that plaintiffs' failure to object to the boat launch and the antique store did not constitute acquiescence in defendant's use of his property as a short-term rental. Defendant does not argue that he relied on the existence of the boat dock or the antique store in believing that the deed restriction would not be enforced against him. See *Rofe*, 126 Mich App at 155-156 (finding as a preliminary matter that the defendant relied on a neighboring property owner's commercial use in believing that the deed restrictions requiring residential use would not be enforced against him before considering whether plaintiffs waived their right to enforce the deed restrictions). But even if he had relied on the boat launch and antique store when he decided to turn his property into an Airbnb rental, the boat launch and antique store did not signal abandonment of the deed restrictions and a resulting change in the character of the neighborhood because "an occasional violation of a restriction in a more remote portion of a street in a restricted subdivision does not preclude one from complaining of a nearer violation, and does not operate as a general abandonment of the restrictions." *Taylor Avenue*, 283 Mich at 311.

Furthermore, a plaintiff's failure to challenge a minor violation does not preclude him from challenging a later, more serious violation:

> When determining whether prior acquiescence to a violation of a deed restriction prevents a plaintiff from contesting the current violation, we compare the character of the prior violation and the present violation. Only if the present violation constitutes a 'more serious' violation of the deed restriction may a plaintiff contest the violation despite the plaintiff's acquiescence to prior violations of a less serious character. In general, a 'more serious' violation occurs when a particular use of property constitutes a more substantial departure from what is contemplated or

---

[2] Defendant erroneously asserts that this disposition completely set aside the deed restriction as to all property owners. But the court's order in the boat-launch case only dissolved the preliminary injunction against the boat launch and denied the plaintiffs' request for a permanent injunction. It did not purport to strike the deed restriction or otherwise prohibit future enforcement actions. *Wnuk v Mich Dep't Natural Resources*, unpublished order of the St. Clair Circuit Court, issued July 2, 1998 (Docket No. A-97-3266-CH). See also *Bloomfield Estates*, 479 Mich at 219-220 (holding that acquiescence in one nonconforming use does not necessarily preclude enforcement of a subsequent nonconforming use).

allowable under a deed when compared to a previous violation. That is, use that constitutes a 'more serious' violation imposes a greater burden on the holder of a deed restriction than the burden imposed by a previous violation. [*Bloomfield Estates*, 479 Mich at 219-220.]

Plaintiffs argue that the boat launch and antique store are on opposite ends of the subdivision and that, unlike plaintiffs' and defendant's riverfront properties, the antique store is on the highway. Therefore, the uses are not comparable. We agree. Defendant's rental property would be a more serious violation to plaintiffs' everyday lives. Defendant's property is directly adjacent to plaintiffs' property, and the noise and traffic would affect plaintiffs more than properties on the other side of the subdivision. See, e.g., *Brideau v Grissom*, 369 Mich 661, 667; 120 NW2d 829 (1963) (allowing property owners to enforce a deed restriction on adjacent property even though they had not objected to similar violations that occurred several blocks away); *Sheridan v Kurz*, 314 Mich 10, 13; 22 NW2d 52 (1946) (holding that a more serious violation occurred because noise caused by a later violation created an increase of noise compared to an earlier violation). Defendant's short-term rental would subject plaintiffs to commercial activity taking place next door and through the night. A short-term vacation rental, with its frequent customer turnover and focus on recreational activities, carries a substantially higher risk for disruptive behavior. Indeed, plaintiffs have already alleged that some of defendant's renters have blasted loud music at night and parked their vehicles on plaintiffs' property. Accordingly, we hold that the trial court did not err when it found that plaintiffs had not waived their right to challenge defendant's use of the property as a short-term rental and enforced the deed restriction as written. See *Bloomfield Estates*, 479 Mich at 214.[3]

## D. LACHES

Defendant also contends that the doctrine of laches precludes plaintiffs' claim because they waited two years and 75 days from the date that defendant registered his property as a short-term vacation rental to file their complaint. However, defendant has waived this affirmative defense by failing to raise it in his responsive pleadings or by a timely motion in the trial court. See *Rowry v Univ of Michigan*, 441 Mich 1, 12; 490 NW2d 305 (1992).

---

[3] Defendant also cites *Thiel v Goyings*, 504 Mich 484; 939 NW2d 152 (2019) for the principle that courts should look at the restrictive covenant as a whole and exercise discretion when deciding whether an injunction is an appropriate remedy. However, the trial court in this case considered the entire portion of the relevant deed restriction regarding how the property could be used. It also considered whether an injunction was an appropriate remedy, noting that "injunctive relief is [not] a stretch in this particular case because there really is no other available remedy." And it even granted a temporary exception to the injunction, allowing the property's current renter to finish her rental period because she had rented under exceptional circumstances and planned to stay at the property for much longer than the 180-day limit for a short-term rental property. We hold that the trial court's remedy was appropriate under these circumstances. See *Eager*, 322 Mich App at 191 (finding injunctive relief appropriate when a short-term rental property violated a deed restriction).

## III. CONCLUSION

Defendant's admitted use of his property as a short-term rental was a clear violation of the unambiguous deed restriction that limited use to private dwellings only. Plaintiffs and their predecessors in interest had not challenged the nonconforming uses of other properties under different circumstances, but that did not amount to acquiescence in defendant's use or waiver of their present claim. Accordingly, the trial court did not err by granting summary disposition to plaintiffs because there was no genuine issue of material fact and plaintiffs were entitled to judgment as a matter of law.

Affirmed.

/s/ Mariam S. Bazzi
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle