EASTWAY & BLEVINS AGENCY v CITIZENS INSURANCE
COMPANY OF AMERICA

Docket No. 148309. Submitted December 9, 1993, at Grand Rapids.
Decided March 24, 1994; approved for publication July 25,
1994, at 9:05 A.M.

Eastway & Blevins Agency brought an action in the Osceola
Circuit Court against Citizens Insurance Company of America
and others, alleging a breach of contract after Citizens termi-
nated its agency agreement with the plaintiff for the plaintiff's
failure to comply with a requirement that it obtain Citizens'
consent for the sale or service of Citizens' policies at a location
other than the plaintiff's main office. The court, Lawrence C.
Root, J., granted summary disposition for Citizens, ruling that
the agreement provided for its termination by Citizens upon
the plaintiff's failure to comply with any provision of the
agreement. The plaintiff appealed.

The Court of Appeals *held:*

1. Citizens was not under a duty to terminate the agreement
only in good faith. Good faith in the termination of a contract
is required only where the terminating party has unbridled
discretion with respect to the other party's performance under
the contract. Here, Citizens' discretion to terminate the agree-
ment was limited, because it could terminate the agreement
only upon the plaintiff's breach of the agreement.

2. The plaintiff's claim that the term "service" was ambigu-
ous in the agreement and should be determined by a jury need
not be addressed because the plaintiff did not raise the issue in
the trial court.

Affirmed.

CONTRACTS — TERMINATION OF CONTRACTS — GOOD FAITH.

Good faith in the termination of a contract is required only
where the terminating party has unbridled discretion with
respect to the other party's performance under the contract;
where a party's discretion to terminate is limited, good faith
need only have existed at the time the agreement was made.

REFERENCES

Am Jur 2d, Contracts §§ 380, 539, 540, 558, 559.
See ALR Index under Contracts.

*Elhart & Power, P.C.* (by *Michael E. Hall*), for the plaintiff.

*Dykema Gossett* (by *Donald S. Young, Kathleen McCree Lewis,* and *Jeffrey S. Jones*), for the defendants.

Before: MICHAEL J. KELLY, P.J., and CONNOR and A. A. MONTON,* JJ.

PER CURIAM. Plaintiff appeals as of right the order of the circuit court granting defendant Citizens Insurance Company of America's motion for summary disposition. We affirm.

I

Plaintiff is an independent insurance agency owned and operated in part by Jack L. Eastway. Its office is located in the village of Marion. In May 1988, plaintiff opened a branch office in Lake City, which office Eastway's son helped operate until March 1990, when he bought the office from his father.

Before and during this period, plaintiff served as an agent for defendant Citizens Insurance Company of America (hereinafter defendant). Plaintiff permitted at least one of defendant's policyholders to make payments and ask questions at the Lake City branch office. Both parties agree that activities with respect to defendant's policies took place at plaintiff's Lake City office.

In 1986, before opening the Lake City office, plaintiff and all other agents of defendant were required to sign an addendum to their agency agreements, restricting them from selling or servicing defendant's products in branch offices with-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

out defendant's express consent. On May 5, 1988, when plaintiff was contemplating opening a branch office in Lake City, defendant sent plaintiff a letter, reiterating the restriction on using and advertising defendant's products in a Lake City branch office. Defendant cited as a reason the fact that it already had adequate representation in the Lake City area.

On January 1, 1989, plaintiff and defendant executed a new agency agreement with the following provisions:

YOUR DUTIES AND RESPONSIBILITIES

*   *   *

D. You will not sell or service our products through a branch(s) or affiliated agency(s) location without our prior written consent.

*   *   *

TERMINATION

*   *   *

B. We may terminate this agreement immediately in whole or in part upon written notice to you:

*   *   *

5. If you fail to comply with any of the provisions of this agreement.

On July 13, 1989, defendant terminated the agency agreement, citing plaintiff's breach of the restriction on branch offices.

II

Plaintiff argues that a question of material fact exists concerning whether defendant terminated its agency agreement with plaintiff in good faith. We disagree.

The circuit court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)

(10). Under that provision, summary disposition is appropriate where there is no genuine issue of material fact. This Court examines the whole record to determine whether summary disposition is justified. *Borman v State Farm Fire & Casualty Ins Co,* 198 Mich App 675, 678; 499 NW2d 419 (1993). However, it does not weigh credibility or make findings of facts, *Arbelius v Poletti,* 188 Mich App 14, 18; 469 NW2d 436 (1991), and it gives the nonmoving party the benefit of every reasonable doubt. *Farm Bureau Ins Co v Stark,* 437 Mich 175, 184-185; 468 NW2d 498 (1991).

By servicing defendant's policyholders in its Lake City office, plaintiff breached the agency agreement. Plaintiff does not dispute the evidence in support of this. The terms of the agreement permitted defendant to terminate the contract if plaintiff breached any of its provisions. Thus, the termination was contractually justified.

Plaintiff argues nonetheless that defendant used the breach as a pretext for terminating the agreement. Plaintiff contends that defendant was actually motivated by its concern for plaintiff's loss ratio, its high percentage of automobile premiums in relation to commercial premiums, and the interests of defendant's designated representative in Lake City, who allegedly shared a mutual animosity with plaintiff. According to plaintiff, even where defendant was contractually justified in terminating the agency relationship, its decision to do so was discretionary and, thus, required good faith.

Plaintiff's position lacks legal support. In contract termination cases, good faith is required only where the terminating party has unbridled discretion with respect to the other party's performance under the contract. See *J R Watkins Co v Rich,*

254 Mich 82, 85; 235 NW 845 (1931); *Burkhardt v City Nat'l Bank,* 57 Mich App 649, 652; 226 NW2d 678 (1975); *Maida v Retirement & Health Services Corp,* 795 F Supp 210, 214 (ED Mich, 1992). A lack of good faith cannot override an express provision in a contract. *General Aviation, Inc v Cessna Aircraft Co,* 915 F2d 1038, 1041 (CA 6, 1990). Under the terms of the agency agreement in this case, defendant could only exercise its discretion if plaintiff breached the agreement. Where, as here, a party's discretion to terminate is limited, good faith need only have existed at the time the original agreement was made. *Id.* at 1042; *Cloverdale Equipment Co v Simon Aerials, Inc,* 869 F2d 934, 938 (CA 6, 1989). After reviewing the record, we find no evidence that defendant entered into the agency agreement, including the provisions regarding branch offices, in bad faith.

III

Plaintiff next argues that the term "service" in the agency agreement is ambiguous and that its meaning should be determined by a jury. We note that plaintiff failed to raise this issue before the circuit court. As a general rule, this Court declines to consider an issue raised for the first time on appeal. *American Nat'l Fire Ins Co v Frankenmuth Mutual Ins Co,* 199 Mich App 202, 210; 501 NW2d 237 (1993); *Berry v J & D Auto Dismantlers, Inc,* 195 Mich App 476, 480; 491 NW2d 585 (1992). We see no reason to deviate from the general rule in this case.

Affirmed.