BROWN v MARTIN

Docket No. 289030. Submitted April 13, 2010, at Grand Rapids. Decided June 15, 2010, at 9:10 a.m.

Lloyd and Linda Brown and others brought an action in the Hillsdale Circuit Court against Bradley J. and Lisa A. Martin, seeking declaratory and injunctive relief to enforce a covenant contained in the deeds for all lots in the parties' subdivision, including the parties' respective deeds, that restricted the use of the real property in the subdivision to single-family residential purposes only. The initial 25-year effective period for the covenant ran until June 27, 1997. It was automatically extended from that date until June 27, 2007, and again automatically extended from that date another 10 years. In November 2007 defendants began operating a hair salon in their home, prompting complaints by plaintiffs. On March 9, 2008, a majority of the then lot owners passed an amendment of the covenant that allowed hair salons. Plaintiffs contended that although the deeds allowed a majority of the then lot owners to change the covenant, the change could not take effect until the end of the current 10-year extension period in June 2017. The trial court, Michael R. Smith, J., agreed with defendants that the covenant could be changed effective any time after the initial 25-year period and granted summary disposition in favor of defendants. The Browns appealed.

The Court of Appeals *held*:

The deeds provided for automatic 10-year renewals "unless an instrument signed by a majority of the then owners of the lots has been recorded," thereby prescribing a definite period of 10 years for modification by a majority of the then lot owners. The 10-year automatic extension language would be rendered meaningless if the covenant could be amended by a majority, but less than unanimous, vote at anytime during an automatic 10-year extension. The reference to extensions for successive periods of 10 years in the covenant is a restriction regarding the frequency of amendment by less than a unanimous vote. The amendment will not be effective until the end of the current 10-year extension in June 2017. The hair salon violates the covenant, and the court erred by granting summary disposition in favor of defendants. That order

must be reversed, and the case must be remanded to the trial court for the entry of an order granting summary disposition in favor of the Browns and enjoining defendants from operating the hair salon until the expiration of the current 10-year covenant extension or a unanimous vote of the then lot owners that permits such use.

Reversed and remanded.

*Biringer, Hutchinson, Lillis, Bappert & Angell, P.C.* (by *John D. Hutchinson*), for Lloyd and Linda Brown.

*Parker, Hayes & Lovinger, P.C.* (by *John P. Lovinger*), for Bradley J. and Lisa A. Martin.

Before: SERVITTO, P.J., and FITZGERALD and BECKERING, JJ.

FITZGERALD, J. In this action to enforce a restrictive covenant that was written into an original subdivision deed, and continued through automatic 10-year extensions of the covenant, plaintiffs Lloyd and Linda Brown[1] appeal as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) in favor of defendants. This case arose out of a dispute between the parties concerning the effective date of an amendment of the restrictive covenant that was approved by a majority of the then owners of the subdivision lots during the second automatic 10-year extension. We reverse.

The essential facts are not in dispute. Plaintiffs own lot 35 of Hilltop Terrace Number 2 Subdivision in Hillsdale, Michigan, and defendants own lot 32 in the same subdivision. All lots in the subdivision were originally subject to the following use restriction:

---

[1] Gary and Carolyn Freese were plaintiffs at the trial court level but are not parties to this appeal. References to "plaintiffs" throughout this opinion will be to Lloyd and Linda Brown only.

> 1. USE Each lot in this subdivision and any structure erected thereon shall be used as or in connection with a private residence or a necessary outbuilding incidental thereto and shall be used by the owner or the occupant for single-family residential purposes only.

The restrictive covenant runs with the properties and, pursuant to the covenant, may be amended as follows:

> 11. GENERAL PROVISIONS
>
> (A) Term: These covenants are to run with the land and shall be binding on all parties and all persons claiming under them for a period of twenty-five years from the date these covenants are recorded, after which time said covenants shall be automatically extended for successive periods of ten years unless an instrument signed by a majority of the then owners of the lots has been recorded, agreeing to change said covenants in whole or in part.

The deed restrictions were recorded on June 28, 1972. The initial 25-year period ran from that date until June 27, 1997. The covenants were automatically extended for the first 10-year period from that date until June 27, 2007, at which point the covenants were automatically extended for an additional 10-year period.

Defendants remodeled their home and began operating a hair salon in the home in November 2007. Plaintiffs complained to defendants about the home-based business, asserting that operation of the business was in violation of the subdivision's land-use restrictions. In response to plaintiffs' complaints, on March 9, 2008, the required number of the then lot owners passed an amendment of the covenant allowing for certain home-based businesses, including hair salons.[2]

---

[2] There is no dispute that the subdivision's original restrictive covenant allowed the construction, and use, of structures for residential

Plaintiffs filed a complaint seeking declaratory and injunctive relief to enforce the original restrictive-use covenant and to enjoin defendants from operating the hair salon in their home. Plaintiffs claimed that the covenant could be changed under ¶ 11(A) at the expiration of any automatic 10-year extension period. Defendants claimed that such changes could occur at any time after the initial 25-year period when a majority of the then owners of the lots agreed. Thereafter, both parties filed motions for summary disposition. The trial court agreed with defendants' position and granted summary disposition in favor of defendants.

Appellate review of a motion for summary disposition is de novo. *Brown v Brown*, 478 Mich 545, 551; 739 NW2d 313 (2007); *City of Taylor v Detroit Edison Co*, 475 Mich 109, 115; 715 NW2d 28 (2006). A motion brought under MCR 2.116(C)(10) tests the factual sufficiency of a claim. This Court considers the pleadings, admissions, and other evidence submitted in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *Brown*, 478 Mich at 551-552; *Lee v Detroit Med Ctr*, 285 Mich App 51, 59; 775 NW2d 326 (2009). In addition, the scope of a deed restriction is a question of law that this Court reviews de novo. *Bloomfield Estates Improvement Ass'n, Inc v Birmingham*, 479 Mich 206, 212; 737 NW2d 670 (2007).

The issue before this Court is whether the amendment of the covenant, which was passed by the majority of then owners of the lots, took effect immediately upon recording of the amendment, or upon the commencement of the next 10-year automatic extension period.

_____

purposes only. Defendants' use of their home as a hair salon clearly violated the original restrictive covenant.

We conclude that the trial court erred by determining that the amendment took immediate effect.

In reviewing the language of restrictive covenants, this Court recognizes that "[b]uilding and use restrictions in residential deeds are favored by public policy." *Rofe v Robinson (On Second Remand)*,126 Mich App 151, 157; 336 NW2d 778 (1983). Judicial policy requires that we seek to protect property values as well as "aesthetic characteristics considered to be essential constituents of a family environment." *Webb v Smith (After Second Remand)*, 224 Mich App 203, 211; 568 NW2d 378 (1997), quoting *Rofe*, 126 Mich App at 157 (quotation marks and citation omitted). This Court summarized the general rules for construing restrictive covenants in *Borowski v Welch*, 117 Mich App 712, 716-717; 324 NW2d 144 (1982):

> When interpreting a restrictive covenant, courts must give effect to the instrument as a whole where the intent of the parties is clearly ascertainable. Where the intent is clear from the whole document, there is no ambiguous restriction to interpret and the rules pertaining to the resolution of doubts in favor of the free use of property are therefore not applicable. In placing the proper construction on restrictions, if there can be said to be any doubt about their exact meaning, the courts must have in mind the subdivider's intention and purpose. The restrictions must be construed in light of the general plan under which the restrictive district was platted and developed. In attempting to give effect to restrictive covenants, courts are not so much concerned with the grammatical rules or the strict letter of the words used as with arriving at the intention of the restrictor, if that can be gathered from the entire language of the instrument. Moreover, the language employed in stating the restriction is to be taken in its ordinary and generally understood or popular sense, and is not to be subjected to technical refinement, nor the words torn from their association and their separate meanings sought in a lexicon. Covenants are to be construed with

reference to the present and prospective use of property as well as to the specific language employed and upon the reading as a whole rather than from isolated words. [Citations omitted.]

The plain language used in ¶ 11(A) clearly and unambiguously provides for automatic 10-year renewals "unless an instrument signed by a majority of the then owners of the lots has been recorded . . . ." The covenant prescribed a definite period of 10 years for modification by a majority of the then lot owners. The 10-year automatic extension language would be rendered meaningless if the covenant could be amended by a majority vote (less than unanimous) at any time on or after June 27, 1997. Thus, the plain language of the covenant causes the reference to "periods of ten years" to be a restriction regarding the frequency of amendment by less than a unanimous vote. See *Scholten v Blackhawk Partners*, 184 Ariz 326; 909 P2d 393 (Ariz App, 1995) (holding that an amendment passed two years into a 10-year automatic extension period was not effective until the 10-year extension period expired and stating that to hold otherwise would render the extension provision meaningless); *Illini Fed S&L Ass'n v Elsah Hills Corp*, 112 Ill App 3d 356; 445 NE2d 1193 (1983) (holding that amendments of the restrictive covenants passed during the initial 20-year term would not take effect until the beginning of the automatic 10-year extension period); *In re Wallace's Fourth Southmoor Addition to the City of Enid v Rogers*, 874 P2d 818 (Okla App, 1994) (holding that an amendment of restrictive covenants, passed during the running of an automatic 10-year extension period, was not effective until the end of the 10-year extension period); *Mauldin v Panella*, 17 P3d 837 (Colo App, 2000) (holding that restrictive covenants were extended for automatic 10-year extension when the attempted amendment oc-

curred two days after the original term expired).[3] If, however, every then lot owner voted to amend or change the covenant, the restriction with regard to the frequency of amendment by a majority vote would not apply, and a change by unanimous vote could be made at any time.[4]

In sum, given that the amendment was by less than the unanimous vote of the then lot owners, the amendment will not take effect until the end of the current 10-year extension period, i.e., June 28, 2017. Thus, defendants' home-based hair salon violates the subdivision's existing restrictive covenant, and the trial court erred by granting summary disposition in favor of defendants. *Brown*, 478 Mich at 552; *Lee*, 285 Mich App at 59.

---

[3] If the drafters of the initial restrictions had wished to allow amendments at any time following the initial 25-year period, the restrictive covenants could have simply been renewed in perpetuity unless an amendment was agreed on by the proper percentage of the then lot owners. *Id.*; *Rory v Continental Ins Co*, 473 Mich 457, 468; 703 NW2d 23 (2005).

[4] Plaintiffs' reliance on this Court's prior rulings in *Lake Isabella Prop Owners Ass'n/Architectural Control Comm v Lake Isabella Dev, Inc*, unpublished opinion per curiam of the Court of Appeals, issued December 11, 1998 (Docket No. 204954), p 4, and *Ardmore Park Subdivision Ass'n, Inc v Simon*, 117 Mich App 57, 59-62; 323 NW2d 591 (1982), is misplaced. In *Lake Isabella*, unpub op at 4, this Court held that changes could not be made to the restrictive covenants until after the initial 25-year period had elapsed. While this Court noted that the restrictive covenants could be modified after the initial 25-year period elapsed, the issue of the timing of any changes through the amendment process was neither before nor addressed by the Court. In *Ardmore Park*, 117 Mich App at 59, this Court held that properly passed and recorded changes to restrictive covenants are binding on all subdivision property owners in the same manner as those contained in the original restrictive covenants. The original deed restrictions ran with the land until January 1, 1975, and were "duly amended in 1975 by a majority of those persons then owning the property in Ardmore Park." *Id.* The Court apparently assumed that the restrictions were properly amended because the issue of the timing of any changes through the amendment process was not addressed.

We reverse the order granting summary disposition in favor of defendants and remand for entry of an order granting plaintiffs' motion for summary disposition and enjoining defendants from operating the hair salon in their home until after the expiration of the current 10-year covenant extension or a unanimous vote of the then lot owners that permits such use.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.