# STATE OF MICHIGAN

# COURT OF APPEALS

LAKEWOOD ESTATES IMPROVEMENT
ASSOCIATION, INC.,

       Plaintiff-Appellant,

v

MICHELE BUEKER and MICHELE M.
BUEKER REVOCABLE LIVING TRUST,

       Defendants-Appellees.

UNPUBLISHED
July 14, 2015

No.  321826
Saginaw Circuit Court
LC No.  12-018182-CH

Before:  O'CONNELL, P.J., and OWENS and M. J. KELLY, JJ.

PER CURIAM.

In this dispute involving deed restrictions in a subdivision, plaintiff, Lakewood Estates Improvement Association, Inc., (Lakewood) appeals as of right the trial court's decision granting summary disposition to defendants, Michele Bueker and the Michele M. Bueker Revocable Living Trust, under MCR 2.116(C)(10).  We affirm.

## I.  BACKGROUND FACTS

In 1999, Bueker purchased a 6.41 acre piece of property abutting Lakewood Estates No. 2., a platted subdivision.  Unbeknownst to Bueker, a prior owner had divided a lot in the platted subdivision in 1978, and a very narrow portion of Bueker's property falls within the subdivision.[1]  The parcel that Bueker owns varies from about 15 to 40 feet wide and it is a drain, not a lot.  At some point, Bueker built a driveway over the drain, and she wishes to build a house on her remaining property.

The Declaration of Restrictions that applies to Lakewood's subdivision states in pertinent part:

---

[1] Because Lakewood did not raise any claims regarding the propriety of this division, the trial court refused to infer that it was improper.

-1-

1.  LAND USE AND BUILDING TYPE.  No parcel or land of sufficient size for construction shall be used except for residential purposes. . . .

2.  ARCHITECTURAL CONTROL.  No building or other structure shall be erected, altered or placed on any lot until the construction plans and specifica[tions] and a plot plan showing the location of the structure have been approved by the Architectural Control Committee as to quality and materials, harmony of external design with existing structures, and as to location with respect to topography and finish grade elevation.  No fence or wall shall be erected, placed or altered on any parcel unless similarly approved.

In November 2012, Lakewood filed suit in this action.  In pertinent part, Lakewood contended that Bueker's driveway violated the deed restrictions because it was not for residential purposes and Bueker built it without approval of the architectural control committee.  Bueker moved for summary disposition under MCR 2.116(C)(10), alleging that her driveway does not violate the restrictions because it is used for residential purposes and it is not a structure.  Lakewood also moved for summary disposition, alleging for the first time that Bueker's driveway violated MCL 560.111 in the land division act by essentially replatting the subdivision.

In a written opinion, the trial court interpreted the language of the deed restrictions and concluded that Bueker's driveway was for residential purposes and was not an "other structure" that required the approval of the architectural control committee.  It granted Bueker's motion for summary disposition.  Lakewood subsequently moved for reconsideration and moved to amend its complaint to include its claim under MCL 560.111.  The trial court denied both motions. Lakewood now appeals.

## II.  STANDARDS OF REVIEW

This Court reviews de novo questions involving the scope of deed restrictions. *Bloomfield Estates Improvement Ass'n, Inc v City of Birmingham*, 479 Mich 206, 212; 737 NW2d 670 (2007).  We also review de novo the trial court's decision on a motion for summary disposition. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013).  A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law."  The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party.  MCR 2.116(G)(5).  A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman*, 302 Mich App at 116.

We review for an abuse of discretion the trial court's decision regarding a party's request for leave to amend its complaint. *Tierney v Univ of Mich Regents*, 257 Mich App 681, 687; 669 NW2d 575 (2003).  The trial court abuses its discretion when its decision falls outside range of principled outcomes. *Peters v Gunnell, Inc*, 253 Mich App 211, 221; 655 NW2d 582 (2002).

## III.  INTERPRETING THE DEED RESTRICTIONS

Lakewood contends that Bueker's driveway violates the subdivision's deed restrictions because (1) it is not for a residential purpose, and (2) she did not have approval of Lakewood's architectural committee. We disagree.

"A deed restriction represents a contract between the buyer and seller of property." *Bloomfield Estates*, 479 Mich at 212. "Deed restrictions preserve not only monetary value, but aesthetic characteristics considered to be essential constituents of a family environment." *Id*. at 214 (quotation marks and citation omitted). Public policy favors building and use restrictions in residential deeds. *Brown v Martin*, 288 Mich App 727, 731; 794 NW2d 857 (2010). Courts support the right of property owners to enforce covenants affecting their property as part of the parties' freedom to contract. *Bloomfield Estates*, 479 Mich at 214.

We interpret deed restrictions like any other contracts and enforce them as written, unless the restriction is waived or it violates law or public policy. *Id*. We determine the intent of the parties by examining "the words used by the parties themselves," not by examining different deeds that contain different language. *Id*. at 224. Unless the deed restrictions define specific terms, we afford those terms their plain and ordinary meanings. *Id*. at 215. We may consult a dictionary definition to interpret undefined terms. *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 526; 697 NW2d 895 (2005). We consider the terms in their context and setting. *Bloomfield Estates*, 479 Mich at 215. We also construe deed restrictions in light of the general plan under which they were developed. *Brown*, 288 Mich App at 731.

First, Lakewood contends that Bueker's driveway violates the deed restriction that provides that land must be used for residential purposes:

1. LAND USE AND BUILDING TYPE. No parcel or land of sufficient size for construction shall be used except for residential purposes. . . .

According to Lakewood, a driveway is not a residential purpose. We conclude that in this case, Bueker's driveway is for a residential purpose.

"The term 'residential' means 'pertaining to residence or to residences.' " *Bloomfield Estates*, 479 Mich at 215. In 1968, the word residential meant "used as a residence or by residents," where a residence was "the place where one actually lives as distinguished from his domicile or place of temporary sojourn." *Webster's Seventh New College Dictionary* (1967). A driveway is "a private road giving access from a public way to a building on abutting grounds." *Merriam-Webster's Collegiate Dictionary* (2014); *Webster's Seventh New College Dictionary* (1967).

In this case, the driveway travels from a public way to what will be a residence—a place where Bueker intends to live. Accordingly, the driveway pertains to a residence and is a residential driveway. We reject Lakewood's assertion that the driveway is not for a residential purpose.

Second, Lakewood contends that Bueker's driveway violates the deed restriction that provides that the architectural control committee must preapprove plans and specifications for buildings or other structures:

2. ARCHITECTURAL CONTROL. No building or other structure shall be erected, altered or placed on any lot until the construction plans and specifica[tions] and a plot plan showing the location of the structure have been approved by the Architectural Control Committee as to quality and materials, harmony of external design with existing structures, and as to location with respect to topography and finish grade elevation. No fence or wall shall be erected, placed or altered on any parcel unless similarly approved.

According to Lakewood, Bueker's driveway violates the deed restriction because it is an "other structure," and the architectural control committee did not approve it. Again, we disagree.

When the deed restrictions were drafted, the word "structure" was defined as "something constructed," *Webster's Seventh New College Dictionary* (1967). Considering the term "other structure" in context, it is associated with the word "building." A "building" is "a usu. roofed and walled structure built for permanent use (as for a dwelling)." *Merriam-Webster's Collegiate Dictionary* (2014); *Webster's Seventh New College Dictionary* (1967). The driveway in this case is something that is constructed. However, the driveway does not have walls or a roof, and it is not used a dwelling. The context of the words tends against Lakewood's interpretation of a "driveway" as an "other structure."

The deed restriction also indicates that fences and walls must be "similarly approved." We must interpret a contract in a way that gives every word, phrase, and clause meaning, and must avoid interpretations that render parts of the contract surplusage. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003). Under Lakewood's proposed definition of structure, it would not make sense for fences and walls to need to be approved in a similar way as structures because they would already be structures. Accordingly, Lakewood's proposed definition of structure would render this sentence in the deed restrictions surplusage.

Considering the definition and context of the phrase "other structure," we conclude that the "other structures" under the deed restrictions are things similar to buildings. Because a driveway is not similar to a building, Bueker did not violate the second deed restriction when she constructed the driveway without the prior approval of the architectural control committee.

Finally, we reject Lakewood's assertion that the deed restrictions are ambiguous. A dispute about contractual language does not render the contract ambiguous. *Farm Bureau Mut Ins Co of Mich v Nikkel*, 460 Mich 558, 567; 596 NW2d 915 (1999). A contract is ambiguous when its provisions are capable of conflicting interpretations. *Id*. at 566. In this case, the phrase "building or other structure" is not capable of conflicting interpretations. Simply because Lakewood and Bueker disagree about whether a driveway is a structure does not mean that the term other structure conflicts with other portions of the deed restrictions.

## IV. THE LAND DIVISION ACT

Lakewood next contends that Bueker's driveway violates the land division act, MCL 560.101 *et seq*. We reject this claim because Lakewood has not addressed the basis of the trial court's decision.

If a party does not address the basis of the trial court's decision, we need not even consider granting them relief. *Derderian v Genesys Health Care Systems*, 263 Mich App 364, 381; 689 NW2d 145 (2004). In this case, the trial court rejected Lakewood's motion to amend its complaint to include a claim under MCL 560.111. On appeal, instead of addressing the propriety of the trial court's procedural decision, Lakewood solely addresses the merits of the issue. The trial court's decision did not rest on the merits of the issue, it rested on its procedural determination. We therefore decline to address the merits of Lakewood's claims under the land division act.

We affirm.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Michael J. Kelly