# STATE OF MICHIGAN

# COURT OF APPEALS

LSPV MINGES LLC,

       Plaintiff-Appellant,

UNPUBLISHED
July 28, 2016

v

MCM II LLC,

       Defendant-Appellee.

No. 327016
Calhoun Circuit Court
LC No. 14-003056-CH

Before: STEPHENS, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10) on plaintiff's claim for declaratory relief regarding the usage of property in a shopping center. We affirm.

The shopping center was created in 1986 and is governed by a document titled "Declaration of Easements, Restrictions, and Operating Agreements." This declaration provides three property classifications: "Building Areas," "Outlots," and "Common Areas." The original signatories to the Declaration were "Kmart" and "Developer." Plaintiff is Developer's successor in interest, and defendant is Kmart's successor. In 2014, plaintiff desired to create a new "outlot" in a portion of the Common Areas and construct a building for restaurant use thereon. Plaintiff requested defendant's consent to pursue this course of action. Defendant refused. Plaintiff sued, requesting that the trial court compel defendant's consent based on the language of the declaration or, alternatively, because defendant did not possess a good-faith basis for denying consent. The trial court granted summary disposition in favor of defendant.

This Court reviews de novo a trial court's grant of summary disposition under MCR 2.116(C)(10). *Ernsting v Ave Maria College*, 274 Mich App 506, 509; 736 NW2d 574 (2007). "Summary disposition is proper under MCR 2.116(C)(10) if the documentary evidence shows that there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. at 509-510. "A genuine issue of material fact exists when the record, giving the benefit of any reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ." *Id*. at 510. Likewise, the interpretation of a restrictive covenant presents a question of law reviewed de novo. See *Bloomfield Estates Improvement Ass'n, Inc v Birmingham*, 479 Mich 206, 212; 737 NW2d 670 (2007).

-1-

Michigan law supports "the right of property owners to create and enforce covenants affecting their own property." *Terrien v Zwit*, 467 Mich 56, 71; 648 NW2d 602 (2002). If such a covenant is unambiguous, it will be enforced as written. *Bloomfield Estates Improvement Ass'n, Inc*, 479 Mich at 214. Generally, restrictive covenants "are to be strictly construed against the would-be enforcer . . . [and] in favor of the free use of property." *Stuart v Chawney*, 454 Mich 200, 210; 560 NW2d 336 (1997). However, where the covenant is unambiguous, this general rule does not apply. *Brown v Martin*, 288 Mich App 727, 731; 794 NW2d 857 (2010).

The trial court did not err in granting summary disposition in favor of defendant because the unambiguous language of the declaration provided defendant the right to refuse consent to plaintiff's proposed creation of an outlot and construction thereon.

Section (2)(a) of the declaration provides in relevant part: "No structures, buildings, fences or barriers shall be erected on any portion of the Common Areas, without the prior written approval of [defendant] and [plaintiff] . . . ." This language is plain and unambiguous. No building, such as plaintiff's proposed restaurant building, may be built on any part of the Common Areas without the prior written approval of defendant. Defendant chose not to give that approval. There is nothing in the declaration that conditions defendant's right to refuse consent or requires a good-faith basis for such a refusal. Plaintiff argues that its proposed construction should be allowed to go forward based on the general principle that restrictive covenants should be interpreted narrowly and in favor of the free use of property. *Stuart*, 454 Mich at 210. However, where there is no ambiguity, as here, the covenant is enforced as written with no regard given to this general rule of construction. *Id*.; *Brown*, 288 Mich App at 731. Accordingly, the trial court did not err in granting summary disposition in favor of defendant on plaintiff's claim for declaratory relief.

Plaintiff's arguments to the contrary are unpersuasive. Plaintiff urges this Court to imply a good-faith requirement to defendant's decision to refuse consent. However, Michigan law will not imply a good-faith requirement to restrict a party's express contractual right. See *Eastway & Blevins Agency v Citizens Ins Co of America*, 206 Mich App 299, 303; 520 NW2d 640 (1994). Moreover, the authority cited by plaintiff concerns the manner of performance of an obligation in a contract, not the exercise of an express contractual right. Because the declaration provides defendant the express contractual right to refuse consent, no good-faith requirement will be implied. *Id*.

Plaintiff also bases its good-faith argument on an inapplicable provision in the declaration. Section (6)(a) provides: "[Defendant] shall not withhold its consent for construction of improvements on the *outlots* if the planned improvements are compatible with the businesses conducted in the Shopping Center and attractive to customers and retail trade." (Emphasis added.) The term "outlots" is defined in the declaration as two parcels known as "Pad A" and "Pad B." It is undisputed that plaintiff's proposed outlot and construction is not located in whole or in part on Pad A or Pad B. Moreover, this section concerns the "construction of improvements" on the outlots. Plaintiff's request is for the *creation* of an outlot, upon which it

would construct improvements, rather than a request to conduct construction on an existing outlot. Accordingly, plaintiff's reliance on § (6)(a) is misplaced.[1]

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher

---

[1] Having reached this conclusion, we need not address the trial court's alternative ground for granting defendant's motion, i.e., that the proposed outlot and construction would violate a city zoning ordinance concerning parking requirements. Further, because the trial court did not err in granting defendant's motion for summary disposition, it necessarily did not err in denying plaintiff's request for summary disposition under MCR 2.116(I)(2).